STATE EX REL. LENA CHAMBERS AND ANOTHER v.
DISTRICT COURT OF HENNEPIN COUNTY
AND ANOTHER.[1]

January 11, 1918.

No. 20,728.

**Workmen's Compensation Act — right to compensation — accident outside Minnesota.**

1. The Minnesota Workmen's Compensation Act is elective. By becoming subject to it the employer and employee agree that the employer will pay and the employee receive for an accidental injury the compensation fixed by the statute and that the employee will forego his common law right of action. It is not important who is at fault or whether anyone is. The right to compensation is not based on tort. It is contractual. The relator's husband was a resident of North Dakota. He entered into a contract of employment with a Minnesota corporation doing a grain brokerage business in Minnesota and having its place of business in Minneapolis and so far as appears none elsewhere. The contract was made there. It contemplated that he should solicit business

[1]Reported in 166 N. W. 185.

for the corporation in Minnesota, North Dakota and elsewhere. An automobile was furnished him for use in his work. While using it in the course of his employment it accidentally overturned at a point in North Dakota and he was killed. Under these facts it is held that the Minnesota compensation act is applicable and an award of compensation should be made.

**Same — certiorari — what orders reviewable.**

2. The writ of certiorari does not bring to this court for review orders in a compensation proceeding not in their nature appealable. It does not lie to review an order for judgment on the pleadings for such an order is not in its nature appealable. It lies to review the judgment entered pursuant to such an order.

Upon the relation of Lena Chambers the supreme court granted its writ of certiorari directed to the district court for Hennepin county and the Honorable Horace D. Dickinson, one of the judges thereof, to review the proceedings in that court under the Workmen's Compensation Act brought by Lena Chambers, widow, and as mother of Marion Chambers, against C. C. Wyman & Company, as employer, for the death of her husband.

*McNamara & Waters,* for relator.

*John F. Bernhagen,* for respondents.

DIBELL, C.

Certiorari to the district court of Hennepin county to review a judgment denying the relator compensation under the Workmen's Compensation Act for the death of her husband.

1. Judgment was entered on the pleadings on motion of the defendant employer. The facts stated in the complaint, which we are to take as established, are substantially these: The relator's husband was a resident of North Dakota. He was employed by C. C. Wyman & Company, a Minnesota corporation doing a general grain brokerage business in Minnesota and having its place of business in Minneapolis. It does not appear that it had a business situs elsewhere. The contract of employment was made in Minneapolis. It contemplated the rendition of services by the deceased in soliciting business in Minnesota, North Dakota and elsewhere. The company furnished him an automobile which

he used in performing such services. While he was in North Dakota on May 5, 1917, the automobile was accidentally overturned and he was killed. The accident arose out of and in the course of the employment.

The question is whether with the facts as stated the motion of the employer for judgment on the pleadings was rightly granted. Liability would be conceded had the accident happened in Minnesota. The claim of the employer is that compensation cannot be awarded for an accident occurring outside the state.

The Minnesota compensation act provides for elective compensation. G. S. 1913, § 8202, et seq.; Mathison v. Minneapolis St. Ry. Co. 126 Minn. 286, 148 N. W. 71, L.R.A. 1916D, 412. The employer and employee become subject to the act only by agreement express or implied. If they elect to become subject to it they in effect contract that the employee shall receive and the employer will pay the statutory compensation for all accidental injuries arising out of and in the course of the employment and the employee waives his common law right of action. It is unimportant whether the cause of the accident is referable to a tortious or a blameless act, or whether if tortious the employer or some third person is blameworthy, or even that the employee is at fault if not wilfully so. The statute requires compensation of the employer, when the employer and employee have elected to become subject to the act, "in every case of personal injury or death of his employee, caused by accident, arising out of and in the course of employment, without regard to the question of negligence, except accidents which are intentionally self inflicted or when the intoxication of such employee is the natural or proximate cause of the injury * * *" G. S. 1913, § 8203. The statute evidences no affirmative purpose to restrict the operation of the contract to accidental injuries happening within the state. That a statute might make such limitation expressly is clear; or the wording of it might require such construction by way of proper inference.

In Connecticut, New York, Rhode Island, West Virginia, Indiana and New Jersey, under varying statutes and with facts changing from case to case, it is held that compensation may be awarded for an injury occurring outside the state. Kennerson v. Thames Towboat Co. 89 Conn.

367, 94 Atl. 372, L. R. A. 1916A, 436; Post v. Burger & Gohlke, 216 N. Y. 544, 111 N. E. 351, Ann. Cas. 1916B, 158; Grinnell v. Wilkinson, 39 R. I. 447, 98 Atl. 103; Gooding v. Ott, 77 W. Va. 487, 87 S. E. 862, L. R. A. 1916D, 637; Hagenback v. Leppert (Ind. App.) 117 N. E. 531; Rounsaville v. Central R. Co. 87 N. J. Law, 371, 94 Atl. 392. And see Foley v. Home Rubber Co. 89 N. J. Law, 474, 99 Atl. 624, where the right to compensation was tacitly conceded. Massachusetts and California are opposed. Gould's Case, 215 Mass. 480, 102 N. E. 693, Ann. Cas. 1914D, 372; North Alaska Salmon Co. v. Pillsbury (Cal.) 162 Pac. 93, L.R.A. 1917E, 642. And so are the English cases. Tomalin v. Pearson (1909) 2 K. B. 61, 2 B. W. C. C. 1; Schwartz v. India Rubber, etc., Co. (1912) 2 K. B. 299, 5 B. W. C. C. 390; Hicks v. Maxton, 124 L. T. J. 135, 1 B. W. C. C. 150. The cases are collected and discussed in the treatises and annotated cases. 1 Honnold, Workmen's Comp. § 8; 1 Bradbury, Workmen's Comp. 34-68; Dosker, Manual Comp. Law, §§ 261-263; Kennerson v. Thames Towboat Co. 89 Conn. 367, 94 Atl. 372, L.R.A. 1916A, 443; Post v. Burger, 215 N. Y. 544, 111 N. E. 351, Ann. Cas. 1916B, 158, 10 N. C. C. A. 888.

A consideration at length of the arguments which support the diverse views does not serve our present purpose. Different arguments appeal to different courts. Often a distinction is drawn between an elective and a compulsory act with the suggestion that in the case of the former there is a contract to pay which is the basis of the right to compensation, that a contract is not local as is a tort, and therefore state boundaries are not important. Whether an agreement to pay is imported into the contract of hiring where a compulsory act is in force is not material to our inquiry for ours is not such an act. That under our act there is a contract obligation is clear. The weight of authority supports the view that, under an elective act like ours and with facts such as are present, an accidental injury though it occurs outside the state is compensable. This view we adopt. There is nothing in Johnson v. Nelson, 128 Minn. 158, 150 N. W. 620, opposed. The injury there involved occurred in Wisconsin and the employer and employee were by their election subject to the compensation act of that state. It was held that the employee could not maintain a common law action in Minnesota for the Wisconsin injury.

A basic thought underlying the compensation act is that the business or industry shall in the first instance pay for accidental injuries as a business expense or a part of the cost of production. It may absorb it or it may put it partly or wholly on the consumer if it can. The economic tendency is to push it along just as it is to shift the burden of unrestrained personal injury litigation. When a business is localized in a state there is nothing inconsistent with the principle of the compensation act in requiring the employer to compensate for injuries in a service incident to its conduct sustained beyond the borders of the state. The question of policy is with the legislature. It may enact an elective compensation act bringing such result if it chooses. In the case before us the business of the employer was localized in the state. What the employee did, if done in Minnesota, was a contribution to the business involving an expense and presumably resulting in a profit. It was not different because done across the border in North Dakota. It was referable to the business centralized in Minnesota.

Sometimes the construction which we adopt will result to the immediate advantage of the employee and against the employer and sometimes the result will be the reverse. Whatever view is adopted perplexing situations may arise. Business has scant respect for state boundaries. An industry may be located a part in one state and a part in another, or it may have separate business situs in two or more, and its employees may from time to time work in each and may reside in one or another at their convenience. Situations may arise where it is difficult to say whether the employment is referable by the act of the parties or by intendment of law to a business conducted in one state or another and whether the governing law, applicable to an injury coming from the employment, is that of the one or the other, or whether there may be a recovery of the employer under the compensation act of one state and of a third person under the common law of the state of the injury. They are safely left for determination when they arise. Here, if the facts stated in the complaint are true, the employment was referable to the business conducted in Minnesota and its compensation act is the governing law between employer and employee. We hold that judgment on the pleadings should not have been directed for the employer.

139 M.—14

2. The statute contemplates the review of questions of law arising in the administration of the compensation act by certiorari. G. S. 1913, § 8225. It does not intend the review by certiorari of orders and judgments not in their nature appealable under our practice. An order for judgment on the pleadings from early times has been held not appealable. 1 Dunnell, Minn. Dig. § 309. The writ sought to review the order granting the motion for judgment. To convenience the parties we allowed a remand of the case for the entry of judgment and the making of amendments appropriate to bring the judgment here for proper review. Some inconvenience has resulted to the parties from relator's improper procedure. We emphasize the importance of the observance of the statute and settled practice by withholding from the relator statutory costs.

Judgment reversed.