## STATE EX REL. MARYLAND CASUALTY COMPANY v. DISTRICT COURT OF RICE COUNTY AND ANOTHER.[1]

July 5, 1918.

No. 20,974.

**Workmen's Compensation Act — injury to servant in another state.**

A contractor residing at Faribault, Minnesota, did a general contracting business throughout the northwest. He had a general office at Faribault and from there conducted his business. A general foreman residing in Minnesota and hired in Minnesota was injured while employed on a job at Minot, North Dakota, and later died. *Held*, the business was localized in Minnesota and the employment of deceased was referable to the business conducted in Minnesota and the Minnesota compensation act applied.

Upon the relation of Maryland Casualty Company the supreme court granted its writ of certiorari directed to the district court of Rice county and the Honorable Arthur B. Childress, one of the judges thereof, to review proceedings in that court under the Workmen's Compensation Act

[1]Reported in 168 N. W. 177.

brought by Kathrine Payant, widow of Albert J. Payant, employee, against William S. Kingsley, employer. Affirmed.

*Barrows & Stewart,* for appellant.

*James P. McMahon* and *George S. Grimes,* for respondents.

HALLAM, J.

1. Albert J. Payant received injuries on August 23, 1917, from which he died. Payant was in the employment of William Kingsley at Minot, North Dakota. Kingsley was a contractor residing at Faribault, Minnesota. He did general contracting work throughout the Northwest. His general office was at Faribault and from there he conducted his business.

Payant was a resident of Faribault. He had been a partner of Kingsley. After dissolution of the partnership, and in October, 1916, Kingsley employed him as general foreman. The arrangement was made at Faribault. Payant was to receive $50 a week. He was first sent to Mason City, Iowa. While he was there, Kingsley took on work at Minot where he "needed him a good deal more," so about May 1, 1917, he sent Payant from Mason City to Minot to take charge of the work there. There was a verbal agreement made at Mason City that Payant should stay with Kingsley until January 1, 1918. His salary was raised to $56 a week. Kingsley maintained an office at Minot during the continuance of the work there and for purposes of such work. He had personal charge of this office while there, while absent it was in the charge of an employee.

The court found that the contract was made in Minnesota and found in substance that the accident arose out of and in the course of his employment, and gave compensation to his dependents pursuant to the compensation act (G. S. 1913, § 8195, et seq.). The only question in the case is whether the Minnesota act is applicable to this case.

In our opinion the case is ruled by State v. District Court of Hennepin County, 139 Minn. 205, 166 N. W. 185. The facts are in substance the same. It was there held that where a business is localized in this state it is the purpose of the statute to compensate for injuries in a service incidental to its conduct, though sustained beyond the borders of the state. We are of the opinion that Kingsley's business was localized in this state, that Payant's employment was referable to the business con-

ducted in Minnesota and that compensation was properly allowed. Johnson v. Nelson, 128 Minn. 158, 150 N. W. 620, was different. It did not involve the question of extra-territorial operation of the compensation act. It is distinguished in the Chambers case [139 Minn. 205].

Judgment affirmed.