## WILLIAM H. KREKELBERG v. M. A. FLOYD COMPANY AND ANOTHER.[1]

February 5, 1926.

No. 25,079.

**When employe is within Minnesota Compensation law while performing services outside the state.**

Where employer and employe are residents of this state and the employer has his business localized in this state, and the employe performs services pertaining to that business under a contract made in this state, he is within the protection of the compensation law; although his services may be performed outside the state.

Workmen's Compensation Acts, C. J. p. 32 n. 46.

Certiorari to review the decision of the Industrial Commission awarding compensation in a proceeding under the Workmen's Compensation Act. Affirmed.

*Arthur H. Lindeman*, for relators.
*Joseph Harkness, Jr.*, for respondent.

TAYLOR, C.

Certiorari to review the action of the Industrial Commission in awarding compensation under the Workmen's Compensation Law of this state for an injury sustained at Burlington, Iowa.

The facts are admitted and liability is conceded. The sole question in dispute is whether the claimant is entitled to compensation under the Minnesota Compensation Act or under the Iowa Act. Under the Minnesota Act he would receive $20 per week; under the Iowa Act $15 per week.

Both the claimant and his employers are residents of the city of Minneapolis. The employers, M. A. Floyd Company, are building contractors, and in 1923 and 1924 were engaged in erecting buildings in the city of Minneapolis. The claimant was employed as a

[1]Reported in 207 N. W. 193.

laborer upon this work, but without any fixed period of employment. In 1924, apparently in August, he made an agreement with his employers to go to Burlington, Iowa, and work upon a building which they were to construct at that place. He went to Burlington pursuant to this agreement and worked upon that building until February 12, 1925, on which date he sustained the injury in question. About three weeks later he returned to Minneapolis and in April, 1925, instituted this proceeding. M. A. Floyd Company conceded liability for compensation, but insisted that their obligation rested upon and was governed by the Iowa law, and that the claimant cannot maintain this proceeding brought under the Minnesota law.

Floyd Company had their main office in Minneapolis and conducted their operations at Burlington from that office, although they also had an office at Davenport, Iowa. Both parties are residents of Minneapolis, and the contract was made there although to be performed at Burlington. There is authority for the claim that where a contract of employment is to be performed in another state the compensation law of that state applies. Banks v. Albert D. Howlett Co. 92 Conn. 368, 102 Atl. 822. But we think the facts bring the instant case within the doctrine of State ex rel. Chambers v. District Court, 139 Minn. 205, 166 N. W. 185, 3 A. L. R. 1347; State ex rel. M. C. Co. v. District Court, 140 Minn. 427, 168 N. W. 177; State ex rel. McCarthy Bros. v. District Court, 141 Minn. 61, 169 N. W. 274. These cases hold that where a business is localized in this state, an employe performing services pertaining to that business is within the protection of our compensation law, although his services may be performed outside the state. The decision of the commission was correct and is affirmed.