S. C. GINSBURG v. CHARLES BYERS AND ANOTHER.[1]

May 27, 1927.

No. 25,949.

**Although hired in Iowa, man working in Minnesota for Minnesota concern is within our compensation act.**

The defendant was engaged in road building in Minnesota and lived there. He built roads in Iowa and the plaintiff worked for him there. He hired the plaintiff, in Iowa, to come into Minnesota and work for him after finishing the Iowa work, and while so working the plaintiff was injured. It is *held* that the plaintiff was under the Minnesota compensation act.

Workmen's Compensation Acts—C. J. p. 48 n. 41 New.

See note in L. R. A. 1916A, 443; L. R. A. 1918D, 83; 3 A. L. R. 1351; 18 A. L. R. 292; 28 A. L. R. 1345; 45 A. L. R. 1234; 28 R. C. L. 724; 4 R. C. L. Supp. 1838; 5 R. C. L. Supp. 1556.

Certiorari to review an order of the industrial commission awarding compensation under the workmen's compensation act. Affirmed.
*Sanborn, Graves & Ordway* and *William H. Freng,* for relators.
*Hugo V. Koch,* for respondent.

DIBELL, J.

Certiorari to review the order of the industrial commission awarding compensation under the workmen's compensation act.

The employe Ginsburg worked for his employer Byers on road work in Iowa. Ginsburg lived in Iowa; Byers lived in Minnesota. Upon the completion of the Iowa work Byers, in Iowa, employed Ginsburg to do road work in Minnesota, and while so employed he sustained an injury. The only question is whether the Minnesota compensation act is the governing law. Ginsburg claims that it is; Byers and his insurer claim that it is not.

The compensation act provides for elective compensation and the parties become subject to it by agreement. We have often held

[1]Reported in 214 N. W. 55.

that when a business is localized in Minnesota an employe sent out of the state in aid of such business is under the protection of the compensation act. Krekelberg v. M. A. Floyd Co. 166 Minn. 149, 207 N. W. 193; State ex rel. McCarthy v. District Court, 141 Minn. 61, 169 N. W. 274; State ex rel. Maryland Cas. Co. v. District Court, 140 Minn. 427, 168 N. W. 177; State ex rel. Chambers v. District Court, 139 Minn. 205, 166 N. W. 185, 3 A. L. R. 1347.

It is now sought to hold the Minnesota compensation act inapplicable, though the business is localized in the state and the injury occurs there, because the hiring was in another state and the employe lived there. The theory of the compensation act is that the industry shall bear the loss from accident. In a proper case this justifies an award of compensation to a man injured out of the state while working for an industry within the state. The cases cited illustrate the principle. There is no justification for excluding from the act a man working in this state for a localized industry because he was hired outside the state where he lived. We know of no principle excluding the plaintiff employe from the benefits of the act.

Affirmed.