## THEODORE F. BRADTMILLER v. LIQUID CARBONIC COMPANY AND ANOTHER.[1]

February 3, 1928.

No. 26,398.

**Salesman entitled to compensation for injury sustained in South Dakota.**
1. The plaintiff employe lived in Minnesota and was employed as a salesman by the defendant, which had its branch office in Minneapolis and its principal office in Chicago. His sales territory was in South Dakota. All his business was in connection with the Minneapolis office. *Held* that he was subject to the workmen's compensation act of Minnesota and to compensation for an injury sustained in South Dakota.

**Award for injury arising in course of employment sustained.**
2. The evidence sustains the industrial commission's finding that the plaintiff sustained an injury arising out of and in the course of his employment by defendant.

**Statute inapplicable to facts of this case.**
3. G. S. 1923, § 4292, 1 Mason, Minn. St. 1927, § 4292, providing for an additional award when an appeal is merely frivolous or for delay, *held* not applicable to the facts of this case.

Workmen's Compensation Acts—C. J. p. 32 n. 46; p. 104 n. 18 New; p. 115 n. 37.

---

See note in L. R. A. 1916A, 444; 3 A. L. R. 1351; 18 A. L. R. 292; 28 A. L. R. 1345; 35 A. L. R. 1414; 45 A. L. R. 1234; 28 R. C. L. 742; 4 R. C. L. Supp. 1838; 5 R. C. L. Supp. 1556; 6 R. C. L. Supp. 1745.

[1]Reported in 217 N. W. 680.

Certiorari upon the relation of the defendant employer and its insurer to review an order of the industrial commission awarding compensation. Affirmed.

*C. E. Warner, Mark F. Crotty,* and *G. A. Bruegger,* for relators.

*Chester W. Johnson,* for respondent.

DIBELL, J.

Certiorari to review an order of the industrial commission awarding compensation to the plaintiff employe under the workmen's compensation act.

1. The plaintiff was in the employ of the Liquid Carbonic Company. The American Mutual Liability Insurance Company was the insurer. The carbonic company had an office in Minneapolis. The main place of business and office was at Chicago. Some property was kept at Minneapolis. The plaintiff was a salesman. He lived in Minneapolis. His sales territory was in South Dakota. He reported to the Minneapolis branch, received his instructions from it, and was under its direction. It does not appear that he did anything in connection with the Chicago office. The record does not inform us further of the relation of the corporation doing business in Minneapolis with the Chicago office. The executive officer of the Minneapolis branch reported plaintiff's accident to the industrial commission. There is enough to sustain a holding that there was a localization of the business in Minnesota and that the plaintiff was associated wholly with the work done there.

The facts bring the case within our holding that an employe of a business conducted in Minnesota is entitled to compensation though he works outside. State ex rel. Chambers v. District Court, 139 Minn. 205, 166 N. W. 185, 3 A. L. R. 1347; Stansberry v. Monitor Stove Co. 150 Minn. 1, 183 N. W. 977, 20 A. L. R. 316; State ex rel. Maryland Cas. Co. v. District Court, 140 Minn. 427, 168 N. W. 177; State ex rel. McCarthy Brothers Co. v. District Court, 141 Minn. 61, 169 N. W. 274; Krekelberg v. M. A. Floyd Co. 166 Minn. 149, 207 N. W. 193. The facts in Stansberry v. Monitor Stove Co. 150 Minn. 1, 183 N. W. 977, 20 A. L. R. 316, are much like those in this case. Nothing in Ginsburg v. Byers, 171 Minn. 366, 214 N. W. 55, is

opposed. The cases are collected in L. R. A. 1916A, 443; 3 A. L. R. 1351; 18 A. L. R. 292; 28 A. L. R. 1345; 35 A. L. R. 1414; 45 A. L. R. 1234; Am. Dig. Master & Servant, § 369.

2. The plaintiff, according to his claim, fell and received a head injury and suffered paralysis as a result. The medical experts are not in harmony. The evidence sustains the commission's finding that plaintiff's paralysis was the result of his injury.

3. The plaintiff moves for an additional award under G. S. 1923, § 4292, 1 Mason, Minn. St. 1927, § 4292, which authorizes the court, where a defense is merely frivolous or for delay, to award in addition to the prescribed compensation an amount equal to not more than 25 per cent of such compensation. This case is not one calling for such additional award. The defense and appeal were proper enough to be made. The facts do not justify an application of the statute, and further than that we are not now concerned with the statute.

Attorney's fees of $100 in this court are allowed.

Order affirmed.