GLADYS G. BRAMELD v. ALBERT DICKINSON COMPANY AND ANOTHER.[1]

April 29, 1932.

No. 28,833.

[1]Reported in 242 N. W. 465.

Snyder, Gale & Richards, for relators.

Timerman & Vennum and Donald C. Rogers, for respondent.

DIBELL, J.

Certiorari to review the order of the industrial commission awarding compensation for the death of respondent's husband, alleged to have been accidentally caused while in the employ of the Albert Dickinson Company, a corporation doing business in Minneapolis. The Indemnity Insurance Company of North America is the insurer.

In 1930 the deceased, Raymond Bernard Brameld, was in the employ of the defendant as a traveling salesman. He worked out of Mason City, Iowa, where he lived. He was furnished an automobile, carried samples, visited the trade, made his routes much

upon his own judgment, and kept the records of his transactions at his home. He dealt with local dealers and directly with the farmers. The character of his work and his arrangement with the Dickinson company were such as to bring him within the compensation act though he worked' outside the state. State ex rel. McCarthy Brothers Co. v. District Court, 141 Minn. 61, 169 N. W. 274; State ex rel. Chambers v. District Court, 139 Minn. 205, 166 N. W. 185, 3 A. L. R. 1347; State ex rel. Maryland Cas. Co. v. District Court, 140 Minn. 427, 168 N. W. 177; State ex rel. L. & L. Ind. Co. v. District Court, 141 Minn. 348, 170 N. W. 218; Stansberry v. Monitor Stove Co. 150 Minn. 1, 183 N. W. 977, 20 A. L. R. 316.; Bradtmiller v. Liquid Carbonic Co. 173 Minn. 481, 217 N. W. 680; 6 Dunnell, Minn. Dig. (2 ed. & Supp. 1 and 2) §§ 10387-10388, and cases cited.

■ On April 15, 1930, the decedent was driving the auto furnished by the defendant and came into collision with another car just as he reached Mason City on his way home. The impact of the two machines was severe, but no great harm was thought done though the employe was bruised. He was taken to the police station, and then the garage man drove him home. The tie bolt of the car was broken, one fender was bent, the front axle was bent, the left front wheel was sprung, the radiator was damaged, and the hood bent. The car was turned over. The road was rough and described as "almost like a washboard."

After the accident and on the same day, the deceased reported to his employer that he was shaken up, felt bruised, but thought that he would be all right within a few days. The physician who gave him first attention was called on the evening of April 15. He saw the decedent the next day and again on April 17. On April 19 the decedent called another physician. This physician diagnosed the case as acute hemorrhagic encephalitis, and was able to see a relation of cause and effect between the injury of April 15 and his death on May 3, 1930, a contributing cause or a definite cause. On April 29 another physician made the same diagnosis. One of the physicians found evidence of an injury or displacement of the coccyx. One said there was a fracture.

The decedent indulged in drinking bouts, which were not conducive to his well-being and are suggested as aiding in the fatal development of his accident. He had had other accidents. He was nervous and unstrung. He had been in another accident shortly before. There is some doubt as to the actual cause of his death, but that given by the doctor is sustained by the evidence.

■ The evidence sustains a finding that the employe was engaged in the course of his employment within the compensation act. The case of State ex rel. L. & L. Ind. Co. v. District Court, 141 Minn. 348, 170 N. W. 218, is particularly in point. Many others are cited in 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10404.

■ The commission considered the case fully. It found a causal connection between the automobile collision and his death. Our rule is that the court will not disturb a finding of the commission upon a question of fact when from the evidence and the inferences which may be legitimately drawn therefrom reasonable minds can draw a conclusion in harmony with that of the commission. Jones v. Excelsior Laundry Co. 183 Minn. 531, 237 N. W. 419; Larson v. A. Guthrie & Co. Inc. 184 Minn. 33, 237 N. W. 606; Tevik v. Lahti Bros. 182 Minn. 268, 234 N. W. 320; Klugman v. Central Hanover B. & T. Co. 183 Minn. 541, 237 N. W. 420; 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10426, and cases cited.

■ The compensation act provides that in all death claims where the cause of death is obscure or disputed any interested party may request an autopsy, and, if denied, the industrial commission may upon petition order it. G. S. 1923 (1 Mason, 1927) § 4283 (4). The defendant was refused an autopsy upon demand. It did not apply to the commission. It cannot complain. We are not required to consider the extent or limits of the right given by the statute and refrain from a further construction.

An attorney's fee of $100 is allowed in this court.

Order affirmed.