EDNA C. RICE AND OTHERS v. KEYSTONE VIEW
COMPANY AND ANOTHER.
BELL & HOWELL COMPANY, RELATOR.[1]

May 2, 1941.

No. 32,675.

[1]Reported in 297 N. W. 841.

*Sexton, Mordaunt, Kennedy & Carroll,* for relator.
*G. P. Mahoney* and *John S. Morrison,* for respondents.

LORING, JUSTICE.

This case comes here on writ of *certiorari* to the industrial com-mission to review its decision of July 9, 1940, vacating the order and findings of a referee and finding that the relation of employe and employer existed between S. E. Rice, deceased, and Bell & Howell Company, relator.

The facts are as follows: Relator, an Illinois corporation doing business in Minnesota, on April 17, 1936, entered into a contract with one S. E. Rice whereby the latter agreed to promote and sell exclusively the relator's products in South Dakota, the western half of North Dakota, and the ten northwestern counties of Iowa; to confine his solicitation and sales to the above outlined terri-tory; to keep a representative stock of equipment on hand at all times for demonstration purposes; to contact prospective custom-ers and schools; to answer all correspondence; and to report reg-ularly the activities of relator's competitors in his territory. Rice was to receive a commission for the sales he made, which was to represent gross income, out of which he was to pay all his own expenses. This agreement was terminable by either party on 30 days' written notice. December 23, 1936, a new contract was entered into between the parties which was substantially the same as the original one except that Rice was assigned a new territory, namely, all of South Dakota, all of North Dakota except three counties, ten counties in Iowa, and three counties in Minnesota. In the main, the same arrangement existed up to the time of Rice's death on November 16, 1937.

In the afternoon of November 15, 1937, Rice left his home at Barnesville, this state, to make a demonstration of Keystone View Company products at Watertown, South Dakota, the following

morning. Arrangements had been made for a demonstration of relator's equipment at Huron in the afternoon of November 16 with the understanding that if time did not permit the demonstration at Huron at that time the demonstration was to be had the following day. On the morning of November 16, as Rice was approaching Watertown from the east on U. S. highway No. 212, he lost control of his car because of slippery ice and collided with an oncoming truck. His skull was fractured, and he died a few hours later. In his car at the time of the accident Rice carried equipment such as a projector, a lantern, slides, which he had purchased from the Keystone company and relator, and advertising material.

Respondent, Rice's widow, filed her petition with the industrial commission against the Keystone View Company and relator, and proceedings were had before a referee, who on November 23, 1939, made findings substantially as follows: That Rice was employed under a Minnesota contract by the Keystone company; that the relation of employe and employer did not exist between Rice and relator; that on November 16, 1937, Rice met with a fatal accident arising out of and in the course of his employment with the Keystone company. The referee ordered the Keystone company to pay respondent $42 medical expenses, $150 funeral expenses, and $13.06 a week during the dependency of her three children. The referee further ordered that the proceeding against relator be dismissed. From these findings and order, respondent and the Keystone company appealed to the industrial commission, which on July 9, 1940, vacated and set aside the referee's findings and decided that Rice was in the concurrent employment of the Keystone company and relator and was fatally injured while in the course and scope of his employment for both companies. From this decision relator brings the case here on *certiorari*.

■ Relator contends that Rice was not its employe at the time of his death and that he was an independent contractor. The most important element in determining whether a person is an employe or independent contractor is the control which the al-

leged employer has or exercises over the manner and means of performance. Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134; Bosel v. Henderson Holding Co. 167 Minn. 72, 208 N. W. 421; 12 Minn. L. Rev. 83. There was a contract between Rice and relator at the time of the fatal accident which, although referred to as a "dealership" arrangement, required Rice to promote exclusively the sale of relator's products, to contact prospective customers, whose names were forwarded to relator, to answer all correspondence pertaining to relator's business, and to report regularly the activities of relator's competitors. In addition, in a great many instances relator gave Rice directions and suggestions as to how to handle certain situations, what prospects to contact, and the reports and information he should give it in certain dealings. A large number of letters of this type from relator to Rice were introduced in evidence at the trial. We think the facts show the exercise by relator of a degree of control over its representative sufficient to sustain the decision of the commission that Rice was not an independent contractor but was an employe at the time of his death.

■ Relator also contends that the contract of employment was not a Minnesota contract for hire. With this we do not agree. During the spring of 1936 Rice wrote relator expressing his desire to represent its products. Continued negotiations finally resulted on April 17, 1936, in relator's sending to Rice at Barnesville, this state, for his acceptance, a contract assigning to him territory in North Dakota, South Dakota, and Iowa. The new contract, dated December 23, 1936, assigning Rice three counties in Minnesota and other out-of-state territory was also sent to Barnesville for his acceptance. The contract of employment was accepted in Minnesota. C. R. I. & P. Ry. Co. v. Lundquist, 206 Iowa, 499, 221 N. W. 228; 2 Beale, Conflict of Laws, § 325.1, p. 1069; Restatement, Conflict of Laws, § 326.

In endeavoring to sell its products in Minnesota, relator hired Rice to contact prospective customers. He represented it in its business dealings and sold its goods in this state. Presumably, it

had other agents in this state doing the same thing. Rice lived at Barnesville and there had his headquarters. In McKesson-Fuller-Morrisson Co. v. Industrial Comm. 212 Wis. 507, 513, 250 N. W. 396, 398, the court said that "the dominant consideration is whether the employee had obtained the status of an employee in this state, a status which may be attained by rendering service in this state to one who is under the workmen's compensation act of this state." We think that the maintenance of a resident employe to further its business interests in this state sufficiently localizes an employer's business to make applicable to it the provisions of our workmen's compensation act. Where a business is localized in this state an employe performing services pertaining to that business is within the protection of our compensation law although some of his services may be performed and an accident to him may have occurred outside the state. State ex rel. Chambers v. District Court, 139 Minn. 205, 166 N. W. 185, 3 A. L. R. 1347; State ex rel. Maryland Cas. Co. v. District Court, 140 Minn. 427, 168 N. W. 177; State ex rel. McCarthy Bros. Co. v. District Court, 141 Minn. 61, 169 N. W. 274; Stansberry v. Monitor Stove Co. 150 Minn. 1, 183 N. W. 977, 20 A. L. R. 316; Krekelberg v. M. A. Floyd Co. 166 Minn. 149, 207 N. W. 193; Bradtmiller v. Liquid Carbonic Co. 173 Minn. 481, 217 N. W. 680; Brameld v. Albert Dickinson Co. 186 Minn. 89, 242 N. W. 465.

■ Relator further contends that Rice was not employed concurrently by the Keystone View Company and itself. Rice was employed by both companies to represent them and sell their products. On the morning of the accident he was on his way to demonstrate products of both companies, first for the Keystone company at Watertown, and then for relator at Huron. In this situation we think that Rice was in the course of furthering the interests of both companies, that the relation of employe and employer existed at the same time between him and the two companies, and that the employment was concurrent.

Rice being an employe of the Keystone company and relator and devoting his time to the interests of both, we think the joint award of the commission was correct.

The writ of *certiorari* is discharged and the decision of the commission is affirmed. The respondent is allowed $100 attorneys' fees in addition to statutory costs.