**MARYLAND CASUALTY COMPANY, Appellant,**

v.

**Harry SPRITZMAN, Appellee.**

**No. 14802.**

Court of Civil Appeals of Texas.

Houston.

Dec. 1, 1966.

On Rehearing Jan. 5, 1967.

Rehearings Denied Jan. 26, 1967.

Butler, Binion, Rice, Cook & Knapp, James E. Crowther, Houston, for appellant.

Frank T. Abraham, W. James Kronzer, Houston, Brown, Kronzer, Abraham, Watkins & Steely, Houston, of counsel, for appellee.

WERLEIN, Justice.

The principal question in this case is whether the appellee, Harry Spritzman, is entitled to benefits under the extra-territorial provisions of the Texas Workman's Compensation Law for an automobile accident which occurred in England. The jury found that appellee was hired in Texas by Service Life Insurance Company, sometimes called Service Life, in November of 1958; that appellee, after being hired by said company, did not do any work for it before leaving the State; that at the time of receiving his injuries on October 2, 1959, appellee was out of the State of Texas incident to his employment for said company; that appellee was mentally or physically incapacitated to file a claim for compensation after the date of his injury for a period of fifteen months. The trial court, disregarding the jury's answer that appellee did not do any work for Service Life in Texas

before leaving the State, entered judgment n. o. v. in favor of appellee.

Appellant contends that the trial court erred in failing to hold as a matter of law that appellee did not occupy the status of a Texas employee at the time of his accident, and erred in entering judgment disregarding the jury's finding that appellee did no work in Texas for Service Life Insurance Company. Appellant further asserts that the findings of the jury that appellee's injury was sustained in the course of his employment for Service Life and that the hiring of appellee took place in 1958 are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust.

The evidence shows that appellee resided in Texas from 1952 until August of 1958, at which time his former employer, Bankers Life & Casualty Company, transferred him to its St. Petersburg office in Florida. At that time he applied for and obtained a Florida insurance license and relinquished his Texas license to sell insurance. He was relicensed by Texas in January of 1959. Appellee's first conversation with Service Life was at its home office in Fort Worth in May of 1958. Appellee testified that in the first part of November, 1958, he decided to accept employment with said company and so orally notified by telephone Mr. Goldsmith, the company's representative in the company's home office at Ft. Worth; that at the time of his acceptance he was in Houston, Texas, and at the time of the letter of November 28, which was mailed from Florida, appellee was already employed by said company. The accident occurred on October 2, 1959, which was within one year of the time that appellee left Texas for Europe. Article 8306, Sec. 19, provides as follows:

"If an employee, who has been hired in this State, sustain injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State, and that such em-

ployee, though injured out of the State of Texas, shall be entitled to the same rights and remedies as if injured within the State of Texas. * * *

" * * *

"Providing that such injury shall have occurred within one year from the date such injured employee leaves this State; and provided, further, that no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the state where such injury occurred."

■ We sustain appellant's assignment that the trial court erred in disregarding the jury's finding that appellee did no work in Texas for Service Life before leaving Texas, since there was ample evidence in support of such finding. Rule 301, Texas Rules of Civil Procedure; Leyva v. Pacheco, 1962, 163 Tex. 638, 358 S.W.2d 547; Burt v. Lochausen, 1952, 151 Tex. 289, 249 S.W.2d 194.

After carefully reading the statement of facts and examining all exhibits introduced in evidence, we have concluded that we cannot say that the findings of the jury that appellee sustained his injury while in the course of his employment for Service Life, and that the hiring of appellee took place in 1958, are so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. Appellee testified that his wife's father had a very severe heart attack in August, 1958, and that appellee's wife and children went to Florida to take care of him; that he sold his home in Houston and would commute from Houston to Florida and back; and that in the latter part of 1958 he went to work for Service Life; that he wanted to continue to work for Bankers Life through December 27, 1958 in order to be eligible for a bonus from such company. He admitted that he told Mr. Goldsmith that he could not start with Service Life until after that time. He further testified that in November he did some work for Service Life at Ellington Air Force Base in Harris County,

Texas. The jury, however, upon ample evidence, found that he did no work for Service Life prior to leaving Texas.

The evidence shows that appellee's first contact with Service Life was in May, 1958, when he had a four-hour meeting with Mr. Goldsmith at the company's home office in Fort Worth, Texas. On November 28, 1958, appellee while in Florida wrote a letter to Mr. Goldsmith, which appellant contends was an acceptance of the offer made appellee to work for Service Life. This letter reads:

"Confirming Joe's conversation with you regarding my going to England to represent the company, I can assure you that this is something that I have been looking forward to and appreciate all your considerations. If you will mail the proper papers to me, I will process them and return them immediately by return mail."

This letter possibly could be construed as an acceptance of an offer of employment, and a request for the proper papers to be executed by appellee. However, the postscript to such letter reads as follows: "If you recall, I had the papers but after moving here have misplaced them."

It is our view that the postscript shows that prior to November 28, 1958 appellee had been furnished papers for execution and process. From this statement it could be inferred that appellee had entered into a contract with appellant for overseas service prior to November 28, 1958. In any event, this seems to corroborate appellee's testimony that at the time he wrote the letter of November 28, 1958, he was already employed by Service Life. He also testified positively that he was in Texas just prior to writing the letter of November 28, 1958, which was mailed in Florida, and that he thinks the definite time of his employment was the beginning of November, 1958. He further testified that he made at the most three trips to Texas in November, 1958, each trip being for a few days, and that the firm deal of his employment was made between him and Service Life for

employment the first or second week of November, 1958, at which time he was in Houston. He also testified that at such time he had not planned or decided to have a fixed or permanent place of residence in Florida.

The written deposition of appellee taken in 1963 when he was a patient in a New York hospital, confirms appellee's contention that he was in Texas when he accepted employment. The fact that he was still employed at such time by Bankers Life and did not resign from such employment until January, 1959, does not establish that his contract with Service Life was not entered into the first or second week in November, 1958 to begin work the following January after resigning from Bankers Life. In his deposition he testified that he advised Mr. Goldsmith that he was accepting Mr. Goldsmith's offer of employment, and "would shortly leave for Florida to prepare for work overseas." Since the evidence shows that appellee was not in Houston from November 28, 1958 until going overseas, the statement in the deposition corroborates appellee's testimony that the contract of employment with Service Life was made in Houston prior to the time the November 28, 1958 letter was mailed in Florida.

The evidence is undisputed that appellee was in an automobile accident in England on October 2, 1959 while enroute from an air force base in England to an air force base in Scotland for the purpose of soliciting applications for insurance policies in Service Life, and that he sustained devastating injuries. It is our view that the evidence amply sustains the jury's finding that appellee was at such time acting within the course of his employment with Service Life. Indeed, although appellant has a point in its brief to the effect that the finding of the jury that appellee was acting within the course of his employment is against the great weight and preponderance of the evidence, it has not briefed such point and hence has waived it. Saldana v. Garcia, 1956, 155 Tex. 242, 285 S.W.2d 197.

Article 8306, Sec. 19, Vernon's Ann. Tex.Civ.St., provides in substance that an employee hired in this State shall be entitled to compensation according to the law of this State even though such injury is received outside the State, and shall be entitled to the same rights and remedies as if he were injured within the State, provided the injury occurs within one year from the date such employee leaves this State, and provided further that no recovery can be had in the event the employee has elected to pursue his remedy and recover in the state where the injury occurred. In the instant case the injury occurred within the one year period of limitation provided and there is nothing to show that appellee elected to pursue his remedy, if any he might have had, where the injury occurred. Our courts have engrafted upon the above statute the provision that in order to recover for injuries sustained out of this State, the injured employee must show that he had the status of a Texas employee. The statute merely requires that the employee be hired in this State. The evidence shows that appellee was hired in this State to solicit overseas applications for insurance policies in Service Life which was domiciled in Fort Worth, Texas. This poses a serious question as to whether appellee did have the status of a Texas employee at the time of his injury.

Appellant urgently contends that under the authorities in Texas appellee did not have the status of a Texas employee, since his contract of employment did not contemplate that he do any work within the State of Texas either before going overseas or after returning to this country. Appellee testified that he expected to stay abroad for two years. He was not just incidentally or temporarily out of the State. There is no evidence to the effect that he would work for his employer in Texas after his return to the United States. Among other cases relied upon by appellant is Southern Underwriters v. Gallagher, 1940, 135 Tex. 41, 136 S.W.2d 590. In that case Gallagher was employed by a drilling company to work on a rig in New Mexico. He testified that he had been promised in connection with his contract of hire that he would be later used in connection with Texas drilling. The Supreme Court, citing Texas Employers' Insurance Ass'n v. Volek, Tex. Com.App., 69 S.W.2d 33, and Fidelity and Casualty Company of New York v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955, held that the contract for employment in New Mexico, even though entered into in Texas, did not create the status of a Texas employee when he was injured in New Mexico. As to the promise of subsequent employment, the Court said: "At most, it was a mere promise to make him a Texas employee at some time in the future." The Court also stated:

"The test is: What was the status of the employee at the time of injury with regard to being a Texas employee? If, at such time, he occupied the status of a Texas employee, he is entitled to protection under our Compensation Statutes, even though he was working out of the state. On the other hand, if the employee is hired or contracted with in this state to go out of this state to perform labor or services, he cannot claim protection under our Compensation Law merely because the contract was made or entered into in this state. Also, if a person is hired to work in this state,—that is, if, under the contract of hiring, such person becomes a Texas employee in the sense that it is contemplated that his services are to be rendered in this state, such employee is protected by our Compensation Law, even though he is first sent incidentally or temporarily out of the state to perform labor or services, and the mere fact that such employee performs his first services out of this state will not defeat his right to protection under our compensation statutes. In any event, before the statute under consideration can be applied in favor of an employee injured out of this state, it must be shown that he occupied the status of a Texas employee before leaving the state. Also, it must be further shown that while occupying such status he was incidentally

or temporarily sent out of the state by the Texas employer to perform labor or services for such employer."

The case of Texas Employers' Insurance Ass'n v. Dossey, Tex.Sup.1966, 402 S.W.2d 153, does not change the test as enunciated in Gallagher. In the Dossey case the Court said:

"An employee has the status of a Texas employee when he has been hired in this state to work in this state and in another state as the circumstances of his employer may require. His Texas employee status is fixed in the fact of his employment to work in Texas as well as in the other state. He continues to occupy this status even though he first works in the other state."

In other words, the court held that it was not necessary that the employee first work in Texas. It is still necessary, however, that the employee be hired in this State to work in this State and in another state as the circumstances of his employer may require. See also Jordan v. Standard Accident Insurance Co., Tex.Civ.App.1960, 339 S.W.2d 267.

Appellee asserts that the following facts established by the evidence show that appellee did have the status of a Texas employee: "(1) Spritzman was a transient Texas workman—traveling from military base to base; (2) he was hired in Texas by a Texas employer; (3) he was working out of a 'Texas base of operations' in Fort Worth; (4) he regularly reported and was in contact by mail, telephone and wire with the home office; (5) the home office furnished all of his forms, manuals and supplies, etc.; (6) he was operating in Europe under a 'Texas' license to sell life insurance; (7) the fruits of his work, the issuance of policies of life insurance, and the other incidents of his employment were consummated in Texas; and (8) he received his pay in advances from the home office and would, of course, wire them to send money to his wife in Florida." To the foregoing incidents of appellee's employment status may be added the fact that in August and September, 1959, the company withheld social security dues from the commissions earned by appellee, pursuant to the social securities benefits form signed by appellee when he went with the company.

The Supreme Court in stating that the contract of employment for hiring must contemplate work in this State and in another State, makes no distinction between the situation where the contract of employment contemplates work out of the state at a fixed and definite place, and the situation where the employment contract contemplates work out of the state in various states or countries. In each of the cases cited by appellant the employee was hired to engage in work at some fixed location out of the State of Texas. Appellee strenuously contends that such fact distinguishes the instant case from those cases decided by our Supreme Court since in the instant case the employee was not employed to work at any fixed place overseas, but to engage overseas in securing applications for life insurance policies at air force bases in various countries. The jury found that at the time of his injury appellee was out of the State of Texas incident to his employment for Service Life. The evidence shows that appellee, who was a traveling insurance agent working out of the company's home office at Fort Worth, traveled in England, Germany, Spain and Morocco, and hence could be classified as a transient employee with no fixed place of work overseas.

Appellee cites three Texas cases involving extra-territorial coverage of out of state transient employees where recovery was allowed. It is our view that these cases are distinguishable from the instant case. In Texas Employers Ins. Ass'n v. Robertson, Tex.Civ.App., 137 S.W.2d 836, writ dism., judg. cor., Robertson was employed as an advertising solicitor, to sell advertising space in a publication of the Texas Farm & Ranch Publishing Company. Robertson's residence and place of operation were in Texas. The territory assigned to him consisted of Ohio, Michigan and

Indiana, where products handled by Texas retailers were manufactured. To familiarize himself with the duties to be performed, Robertson immediately on his employment went through a course of training and preparatory work in the State of Texas, and thereafter was set to Detroit, Michigan, and other places to contact heads of firms and interest them in his employer's advertising medium depicting the scope and value of their products handled in Texas. His contract required him to return to Texas at intervals, preparatory to a better understanding of the needs of Texas concerns, and be better fitted to contact heads of firms in northern states. He was brought back to Texas many times to attend sales meetings and make business surveys in various sections of Texas. He remained in Texas three or four weeks in November and December, 1936 doing necessary work under the direction of his employer and in the course of his employment. Within one year after leaving Texas in October, 1957 he was killed in Michigan. Obviously Robertson's employment included work in Texas as well as in the territory assigned to him in the States of Ohio, Michigan and Indiana.

In the recent case of Pennsylvania National Mutual Casualty Ins. Co. v. Nathan, 5th Cir.1966, 361 F.2d 18, Nathan was hired in Dallas, Texas as a traveling salesman and assigned a territory consisting of several other states. Immediately upon employment he entered a training program in Dallas which lasted several weeks. Upon completion of his training he left Dallas to begin his duties in his five-state territory. He remained under the general supervision of the Dallas office, and was required to return to Dallas for markets held four times during each year. The court held that the facts of the case were sufficient to support the jury's finding that Nathan was a Texas employee at the time of the accident. In the footnote to such case it is stated: "Ordinarily the Texas courts have required for recovery under this section only a showing that the injury occurred within one year from the date of leaving Texas and that the injured employee did in fact do some work for his employer in Texas before leaving." (citing a number of cases)

In Traders & General Insurance Co. v. Collins, Tex.Civ.App., 321 S.W.2d 178, writ ref., n. r. e., the evidence showed that the employee worked in Texas as well as in other states. We have not found nor been cited to any Texas case which would permit a recovery under the Texas Workman's Compensation Act under the facts of the instant case where no work was done in Texas and where it was never contemplated that any work would be done in Texas by the injured employee.

Appellee cites a number of cases in other jurisdictions in support of his contention. In Prendergast v. Industrial Commission of Ohio, 1940, 136 Ohio St. 535, 27 N.E. 2d 235, 238, the Court said:

"Where an Ohio employer enters into a contract with a person to perform transitory work outside of this state, without specification as to the exact location or nature of the work, such as that of a traveling salesman, there is no good reason why such person should not have coverage under the Ohio Workmen's Compensation Act. On the contrary, there is a good reason why such employee engaged in such transitory employment outside the state should have such coverage, and that is because he is generally not entitled to compensation in the foreign state under such circumstances even though he suffers an accident there."

New York distinguishes between workers employed in New York to perform transitory work out of the state and those employed to work at a fixed place. In Cameron v. Ellis Construction Company, 252 N.Y. 394, 169 N.E. 622, 624 (Ct.App. 1930), the court said:

"Where a workman employed in work here is called upon, in the course of his employment, to perform transitory work out-

side of this state, the employment as a whole remains an employment here. It is otherwise when the workman is employed to work at a fixed place or places outside the state."

If a claimant is hired in New York to work in a fixed employment in another state, he cannot collect under the New York Act, even though New York was the place of hiring, but if the claimant reports his orders to and from New York and receives his instructions there, receives his pay from New York and sends his orders to that state, although never physically in New York, he can recover compensation under New York law provided the out of state work is transitory. Baduski v. S. Gumpert Company, 1951, 277 App.Div. 591, 102 N.Y.S.2d 297, and Lewis v. Knappen Tippetts Abbett Engineering Co., 1952, 279 App.Div. 1107, 112 N.Y.S.2d 79. See also Restatement of the Law, Conflict of Laws, Sec. 398; Foley v. Home Rubber Company, 1917, 89 N.J.L. 474, 99 A. 624; Commercial Casualty Ins. Co. v. Industrial Acc. Com'n, 1953, 116 Cal.App.2d 901, 254 P.2d 954; Hubbard v. Midland Constructors, Inc., 1964, 269 Minn. 425, 131 N.W.2d 209; Bradtmiller v. Liquid Carbonic Co., 1928, 173 Minn. 481, 217 N.W. 680.

In Texas no such distinction has been drawn. Our Supreme Court has stated in unmistakably clear language in Gallagher and Dossey, supra, that in Texas an employee's status is fixed in the fact of his employment to work in Texas as well as outside of Texas. Furthermore, it must be shown that while occupying the status of a Texas employee, the claimant was incidentally or temporarily sent out of the State by the Texas Employer to perform labor or services for such employer. In the instant case neither of such prerequisites is present.

■ Appellant asserts that the jury's finding that appellee was mentally or physically incapacitated to file a claim for compensation for a period of 15 months after his injury, is against the great weight

and preponderance of the evidence. We have carefully read the statement of facts and overrule this assignment. We hold also that if appellee were entitled to workman's compensation benefits, he would also be entitled to medical expenses, especially in view of the stipulation entered into between the parties.

Judgment of the trial court reversed and rendered.

### On Motion for Rehearing

■ In his motion for rehearing appellee, among other things, asserts that this Court erred in failing to remand the cause for further development pursuant to Rule 434, T.R.C.P., for the reason that substantive changes in the applicable law occurred between the time of trial and the time our opinion was handed down December 1, 1966. Subsequent to the trial of the case, the Supreme Court of Texas, on March 30, 1966, handed down its opinion in the case of Texas Employers' Insurance Ass'n v. Dossey, 402 S.W.2d 153, in which for the first time our Supreme Court used the following succinct and definite language:

"An employee has the status of a Texas employee when he has been hired in this state to work in this state and in another state as the circumstances of his employment may require. His Texas employee status is fixed in the fact of his employment to work in Texas as well as in the other state. He continues to occupy this status even though he first works in the other state."

In our opinion we made the statement that Dossey did not change the test enunciated in Southern Underwriters v. Gallagher. We have concluded since reexamining the Supreme Court's opinion in Hale v. Texas Employer's Ins. Ass'n, 1951, 150 Tex. 215, 239 S.W.2d 608, at 614, that such statement is incorrect. The Supreme Court said in Hale:

"It is settled by Southern Underwriters v. Gallagher, 135 Tex. 41, 136 S.W.2d

590, that one who has not in fact done any work in Texas for his employer before being hired to work in another state cannot be said to have acquired the status of a Texas employee and is not entitled to the benefits of the statute."

Thus, the holding in Hale and Gallagher is to the effect that in order to recover as a Texas employee work in Texas must have preceded work in the foreign jurisdiction. This is not so under the holding in Dossey.

As in the Dossey case, appellee in this case asserts that he based his trial position upon the proposition that the Gallagher and Hale cases were controlling and that it was, therefore, necessary to establish the performance of physical work in Texas prior to the injury in the foreign jurisdiction. Thus evidently relying on the decisions in Gallagher and Hale, appellee undertook to prove not only that he entered into his contract with appellant in Texas, but also that he performed work in Texas for his employer prior to his overseas work. The jury, in answer to Special Issue No. 6, found that appellee performed no work in Texas prior to going overseas. No issue was requested by either party with respect to whether under his employment contract appellee was hired to work in Texas as well as overseas. Some such issue would in all probability have been submitted had Dossey been decided before the trial of the instant case.

■ Although the jury found that appellee did no work in Texas prior to going overseas, we cannot assume that he would not have been requested by his employer at some time during his employment to return to Texas and engage in this State in work incident to his employment. Appellee's contract was oral and was proven more or less piece-meal. There is no evidence that the oral contract as testified to was the entire contract. At the time of the

trial appellee would not have considered it necessary or important to prove anything with respect to employment in Texas subsequent to his work overseas, since the test established in Dossey had not been established. It was only natural that appellee's counsel, relying on Gallagher and Hale, should make no effort to establish whether or not the oral employment contract encompassed work in Texas at some subsequent date, since under the state of the law at the time of trial such subsequent work, if any, would have been immaterial and irrelevant.

A situation quite similar to that in the instant case developed recently in the case of Scott v. Liebman, Tex.Sup.1966, 404 S.W.2d 288, p. 294. In that case the defendant relied upon a holding of the Supreme Court of Texas that the "no duty" rule could be submitted to the jury on the theory of constructive knowledge of the invitee, as held in McKee, General Contractor v. Patterson, 1954, 153 Tex. 517, 271 S.W.2d 391. The Supreme Court reversed itself in Halepeska v. Callihan Interests, Inc., 1963, 371 S.W.2d 368, and held that "constructive knowledge" was no longer material to the "no duty" rule. Recognizing this change in the law, the Supreme Court reversed and remanded the Scott case for further development consistent with the new rule, in the interest of justice.

By analogy, we have concluded in view of the change in the law as announced in the Dossey case, and the definite and specific test enunciated with respect to the status of a Texas employee in connection with extra-territorial work, it would be in the interest of justice for this Court to remand the present case for further development in light of the new rule established in Dossey.

Appellee's motion for rehearing is granted in part.

Reversed and remanded.