**SPELAR v. AMERICAN OVERSEAS AIRLINES, Inc.**

**Civ. 41-326.**

United States District Court
S. D. New York.

Nov. 20, 1947.

See also 75 F.Supp. 967.

Gerald F. Finley, of New York City (Gerald F. Finley and Arnold B. Elkind, both of New York City, of counsel), for plaintiff.

Caverly, Dimond, Dwyer & Lawler, of New York City, for defendant.

COXE, District Judge.

This is a motion by the plaintiff to strike out the first separate defense of the defendant's amended answer for legal insufficiency. The defense is pleaded as a complete defense to the action.

The action is for damages for alleged wrongful death of Mark Spelar, plaintiff's intestate, who lost his life in an airplane accident near Stephenville, Newfoundland, on October 3, 1946, when a Douglas DC 4 passenger plane, No. NC 90904, on which the decedent was employed as a flight engineer, crashed, and all passengers and members of the crew were killed. The plane was at the time owned and operated by the defendant, and was en route from LaGuardia Field, New York, to Shannon, Ireland. It came down at Harmon Field, Stephenville, Newfoundland, at the end of the first leg of the flight, and after a 12-hour stop-over at Stephenville was proceeding on the second leg of the flight to Shannon, Ireland, when the accident took place at a point approximately seven miles from the takeoff.

The complaint is framed under the Wrongful Death Statute of Newfoundland, and alleges that the death of the decedent was caused by the defendant's negligence..

The first separate defense, now under attack, alleges that the defendant is a Delaware corporation, "with its principal office and place of business located in the City, County and State of New York", and that it is authorized to do business in New York State, where it "carries on the business of a common carrier for hire by aeroplanes of persons and property". It also alleges that the plaintiff's intestate was at the time of his death, "and prior thereto", a resident of the City and State of New York; that prior to the times alleged in the complaint he "became an employee of the defendant corporation, being engaged in the operation of its aeroplanes in the City and State of New York"; that on October 3, 1946, he was in the employ of the defendant as a flight engineer on a DC 4 aeroplane, No. NC 90904; and that on that date he "suffered accidental injuries arising out of and in the course of his employment", which resulted in his death. It further alleges that the decedent "received his instructions, direction and supervision" at the office and principal place of business of the defendant in the City and State of New York; that his "equipment, accessories and paraphernalia" were "used" (issued) and supplied to him from the same office; that his salary was paid to him from there; and that his employment by the defendant was "located within the City and State of New York". The defense concludes with allegations that the defendant has complied with the provi-

sions of the New York Workmen's Compensation Law by securing the payment of compensation for all of its employees, including the plaintiff's intestate.

The questions presented are (1) whether the facts alleged in the defense are sufficient to bring the decedent within the coverage of the New York Workmen's Compensation Law, Consol.Laws, Ch. 67, and (2) whether that Act provides an exclusive remedy against the defendant for the death of the' decedent.

The New York Workmen's Compensation Law requires every employer subject to its provisions to "secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of and in the course of the employment without regard to fault as a cause of the injury". Section 10. This liability is "exclusive and in place of any other liability whatsoever". Section 11. The Act applies to hazardous employments, and the operation of aeroplanes and aircraft is included in that classification. Section 3. An employee is a person engaged in one of the enumerated employments "or who is in the service of an employer whose principal business ·is that of carrying on or conducting a hazardous employment upon the premises or at the plant, or in the course of his employment away from the plant of his employer". Section 2, subdiv. 4.

Under the Act, "A duty is imposed by law on employers conducting a hazardous employment in New York to insure their workmen against injury, and the insurance covers injuries incidental to that employment though suffered in another state". Matter of Smith v. Heine Safety Boiler Co., 224 N.Y. 9, 11, 12, 119 N.E. 878, Ann.Cas.1918D, 316. With respect to coverage, "The test in all cases is the place where the employment is located". Matter of Cameron v. Ellis Construction Co., 252 N.Y. 394, 397, 169 N.E. 622, 623.

In Matter of Tallman v. Colonial Air Transport, Inc., 259 N.Y. 512, 182 N.E. 159, an award of compensation under the New York Act was allowed on facts closely similar to those alleged in the present defense. In that case, the decedent, an airplane pilot employed by a Connecticut corporation having its principal office in New York City, was killed in Connecticut in an airplane wreck while piloting for his employer an airplane on a regular run from Boston, Massachusetts, to Newark, New Jersey. The decedent resided in New Jersey, but the contract of employment was made in New York and the decedent was paid from New York. The insurer offered to pay under the New Jersey Workmen's Compensation Act, N.J.S.A. 34:15-1 et seq., and the only question was whether the New York State Industrial Board had jurisdiction to make an award. The Board found that the decedent, at the time of his death, did not have a fixed place of employment outside of New York, but that his place of employment was at the main office of the employer in New York City. An award was accordingly made to the widow, and this award was upheld by the Appellate Division (234 App.Div. 809, 253 N.Y.S. 938) and by the Court of Appeals. To the same effect is Matter of Etters v. Trailways of New England, Inc., 266 App.Div. 929, 43 N.Y.S.2d 884, involving injuries sustained by a bus driver in Connecticut while driving from Northampton, Massachusetts, to New York City. See also Matter of Alexander v. Movietonews, Inc., 273 N.Y. 511, 6 N.E.2d 604; Id., 273 N.Y. 599, 7 N.E.2d 712.

I think it is clear from these decisions that the facts alleged in the defense are sufficient to bring the decedent in the present case within the coverage of the New York Act, and that this Act provides an exclusive remedy against the defendant for the death of the decedent.

It is, however, insisted by the plaintiff that Section 113 of the New York Act contains an exception to the coverage of the Act which permits the present action to be maintained. This section reads as follows:

"§ 113. Interstate commerce.

"The provisions of this chapter shall apply to employers and employees engaged in intrastate, and also interstate or foreign commerce, for whom a rule of liability or method of compensation has been or may be established by the congress of the United States, only to the extent that their mutual connection with intrastate work may and shall be clearly separable and distinguish-

able from interstate or foreign commerce, provided that awards according to the provisions of this chapter may be made by the board in respect of injuries subject to the admiralty or other federal laws in case the claimant, the employer and the insurance carrier waive their admiralty or interstate commerce rights and remedies, and the state insurance fund or other insurance carrier may assume liability for the payment of such awards under this chapter."

It is a sufficient answer to this contention that no rule of liability or method of compensation has been established by Congress with respect to personal injuries sustained by employees of airplane carriers engaged in interstate or foreign commerce. Matter of Etters v. Trailways of New England, Inc., supra. Cf. Severson v. Hanford Tri-State Airlines, 8 Cir., 105 F.2d 622.

The motion of the plaintiff to strike out the first separate defense of the defendant's amended answer for legal insufficiency is accordingly denied.