**URDA**

v.

**PAN AMERICAN WORLD AIRWAYS, Inc.**

No. 14554.

United States Court of Appeals
Fifth Circuit.

March 31, 1954.

Juan I. Carreras and Nestor Morales, Miami, Fla., for appellant.

H. Reid DeJarnette, James A. Dixon, Dixon, DeJarnette & Bradford and Warren D. Hamann, all of Miami, Fla., for appellee.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

RIVES, Circuit Judge.

Anthony L. Urda, the husband of appellant, was killed when a passenger aircraft owned and operated by Pan American World Airways, Inc. crashed in the Province of Para, Brazil. The airplane was en route from Buenos Aires, Argentina to Port of Spain, Trinidad, British West Indies. Urda was employed by the appellee as a steward on the ill fated plane, and it is not questioned that his death arose out of, in the course of, and within the scope of his employment.

This action was filed by the appellant in a Florida state court and removed on account of diversity of citizenship to the United States District Court. It invoked the *lex loci deliciti*, the law of the Republic of Brazil, as the law to determine the widow's right of recovery for the alleged wrongful death of her husband.

The defendant moved for a summary judgment, making a showing that it was subject to the Workmen's Compensation Law of Florida, §§ 440–440.57, Florida Statutes Annotated; that Urda was a resident of Florida; that the contract of employment was made in Florida for services to be rendered partly within and partly outside of the State of Florida; and the district court granted the motion because it was of the opinion that "the exclusive liability of the defendant * * * to plaintiff in this cause lies under the Florida Workmen's Compensation Act."

After appealing from that judgment, the appellant made a claim under the Florida Workmen's Compensation Act against the appellee, and was awarded compensation by the Florida Industrial Commission. Under that award she has been paid and is continuing to receive the benefits of the Florida Workmen's Compensation Act. The appellee moved to dismiss this appeal as moot, and the submission is upon the motion to dismiss and upon the merits.

Two provisions of the Florida Workmen's Compensation Act are particularly pertinent, Sections 440.09(1) and 440.11.[1] The federal district court sitting in Florida must, of course, conform to the conflict of laws rule prevailing in Florida state courts. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477; Tucker v. Texas Co., 5th Cir., 203 F.2d

---

1. "§ 440.09 Coverage

"(1) * * * Where an accident happens while the employee is employed elsewhere than in this state, which would entitle him or his dependents to compensation if it had happened in this state, the employee or his dependents shall be entitled to compensation, if the contract of employment was made in this state, and if the employer's place of business is in this state or if the residence of the employee is in this state, provided, his contract of employment was not expressly for service exclusively outside of the state; provided, however, that if an employee shall receive compensation or damages under the laws of any other state, nothing herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided herein."

"§ 440.11 Exclusiveness of liability

"The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter an injured employee, or his legal representative, in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."

918, 920. Certainly, insofar as the Florida state courts are concerned, the provisions of the Florida Act quoted in footnote 1, supra, must be construed as were like provisions of the Maryland Act in Gasch v. Britton, 92 U.S.App.D.C. 64, 202 F.2d 356, 360:[2]

> "Together they reflect a legislative design to assure to an employee the full benefits provided by the Act, and to the employer that the benefits so prescribed shall mark the limit of his liability."

With the policy of the State of Florida expressed so positively in its statutes, it seems clear to us that any cause of action created by the law of Brazil cannot be enforced in Florida contrary to the public policy of the forum. Pacific Employers Ins. Co. v. Industrial Accident Commission, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940; A.L.I., Restatement, Conflict of Laws, Sec. 612; 11 Am.Jur., Conflict of Laws, Sec. 183.

Appellant's main reliance is upon Industrial Commission v. McCartin, 330 U.S. 622, 67 S.Ct. 886, 91 L.Ed. 1140. What states are affected by the doctrine announced in that case as distinguished from that announced in Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (See 2 Larson, Workmen's Compensation Law, Secs. 85.30, 85.40), we need not decide here; nor need we consider whether the McCartin rule extends to conflicts involving damage suits. See 2 Larson, Workmen's Compensation Law, Sec. 88. In both the McCartin case and the Hunt case, the compensation law upon which the action was brought was the law of the forum state. We have been cited to no case, nor have we found any, where the law of a foreign state or country, whether providing for compensation or damages, has been enforced in another state contrary to the public policy of the forum,

 The appellant having accepted compensation under the Florida law is barred from any other recovery in that State. Her appeal is moot, and it is therefore

Dismissed.

---

2. See also Willingham v. Eastern Airlines, 2 Cir., 199 F.2d 623, 624; Severson v. Hanford Tri-State Airlines, 8 Cir., 105 F.2d 622; Spelar v. American Overseas Airlines, D.C.S.D.N.Y., 80 F.Supp. 344.