**Juan Larena GARCIA, Plaintiff,**

v.

**PUBLIC HEALTH TRUST OF DADE COUNTY d/b/a Jackson Memorial Hospital, et al., Defendants.**

**No. 86–1470–CIV–EPS.**

United States District Court, S.D. Florida, Miami Division.

Feb. 18, 1987.

Chonin & Sher, P.A., Marilyn Sher, Coral Gables, Fla., for plaintiff.

Stephen J. Keating, James T. Allen, Asst. Co. Attys., Miami, Fla., for Public Health Trust.

Fowler White Burnett Hurley Banick & Strickroot, Daniel Beasley, Miami, Fla., Condon & Forsyth, Michael Holland, New York City, for Iberia Airlines.

Christopher Lynch, Miami, Fla., for Don Rafael Penalver.

MEMORANDUM OPINION GRANTING SUMMARY FINAL JUDGMENT TO THE DEFENDANTS IBERIA AIR-LINES AND DON RAFAEL PENAL-VER AND REMANDING CASE TO STATE COURT

SPELLMAN, District Judge.

This CAUSE came before the Court on cross-motions for partial summary judgment offered by the Plaintiff, Juan Larena Garcia, and Defendants, Don Rafael Penalver, M.D. and Iberia Airlines. After having reviewed these motions, and conducting oral argument on January 30, 1987, it is hereby

ORDERED AND ADJUDGED that the Plaintiff's motion is DENIED, and the Defendants' motions are GRANTED, and summary final judgment is entered in favor of the Defendants, Iberia Airlines and Don Rafael Penalver, M.D. and against the Plaintiff. It is further

ORDERED AND ADJUDGED that this case is REMANDED to state court, the original choice of forum, where the case against the remaining Defendants, the Public Health Trust and the University of Miami, can proceed on the merits.

The Plaintiff, an employee of Iberia Airlines, while on a layover in Miami, Florida, was mugged and beaten, requiring treatment at Jackson Memorial Hospital, which is owned and operated by the Public Health Trust and affiliated with the University of Miami. Dr. Penalver, who is also an employee of Iberia, is the airlines' doctor in Miami when one of their employees is ill and requiring of medical attention. Dr. Penalver met the Plaintiff at the hospital, and participated along with Jackson's own staff physicians in treating the Plaintiff's injuries. When the Plaintiff finally returned to his native Spain, he experienced complications with his arm. His own physician determined that he had received improper treatment in Miami, and that those who were responsible for his care while on this layover had misdiagnosed and ultimately aggravated this injury.

The Plaintiff originally brought this action in state circuit court. The Defendant, Iberia Airlines, then exercised its right to have the entire case, along with all willing and unwilling defendants, removed to federal district court because as a foreign entity partly owned by the government of Spain, it was entitled to have its defense heard in federal court. 28 U.S.C. § 1441(d) (West Supp.1986). *See also Arango v. Guzman Travel Advisors Corp.,* 621 F.2d 1371, 1375 (5th Cir.1980) (stating that all defendants are removed in a multi-party suit involving a foreign defendant). Once the case was before this court, both Iberia Airlines and Dr. Penalver, who, according to all parties concerned, was a full time employee of Iberia, moved for summary final judgment (the motion itself described the relief as "partial" summary judgment) on the theory that because Spanish workers' compensation laws are already compensating the Plaintiff for one hundred

percent of his injuries, he is not entitled to a double recovery, which he would receive if permitted to bring a tort suit in this forum.

■ Iberia and Dr. Penalver argue that the Florida choice of law rules apply because it was in Florida where the act giving rise to liability occurred. *Harris v. Polskie Linie Lotnicze*, 641 F.Supp. 94, 99 (N.D. Cal.1986). On this the parties do not disagree. Where there is a difference of opinion, however, is in deciding how the Florida choice of law rules would resolve this matter. This court is of the opinion that the Florida choice of law rules, aided by the Restatement (Second) of Conflict of Laws § 145 (1971), contemplate that the significant relationship between the parties and the occurrence was centered in Florida, and therefore the Florida Workers' Compensation Act is the controlling law governing this matter. Fla.Stat.Ann. § 440.11 (West 1981). *See, e.g., Gray v. Eastern Airlines*, 475 So.2d 1288 (Fla. 1st DCA 1985) (allowing a flight attendant to receive workers' compensation benefits for injuries sustained while on a layover playing in a "pick-up" basketball game); *Leonard v. Dennis*, 465 So.2d 538, 541–42 (Fla. 2d DCA 1985) (permitting the recovery of workers' compensation even though the injuries were caused while en route to a restaurant four miles away from the motel).

■ This Court disagrees with the Plaintiff's argument that the significant relationship test points to Spanish law as the controlling statutory authority. While it is true that the parties entered into the contract for employment in Spain, this is not a contract action, but one filed in tort. It is in Florida where the cause of the injury and the alleged negligent treatment occurred. Plaintiff has asserted archaic case law that predates the rise of workers' compensation legislation for his contracts approach to choice of law. The prevailing Florida law, as embodied in statutes and case authority, governs these facts and the Plaintiff is barred from seeking a tort recovery when he has already availed himself of the benefits obtainable under Spanish workers' compensation law. The fact that Spanish law would permit such a double recovery is of no significance because it is the law of Florida, where the injuries occurred, that is dispositive under these circumstances.

■ The relevant parties, in open court, all agreed that Dr. Penalver is being sued in his capacity as an employee of Iberia Airlines, and not as an independent contractor. It is for this reason that the granting of summary judgment in favor of Iberia similarly releases Dr. Penalver from potential liability in this Court as well. The substantive issues raised against the remaining Defendants in this case, the Public Health Trust and the University of Miami will be heard in state court, which is without dispute the proper forum to address issues of Florida tort law. Because the entire basis of this Court's jurisdiction rested upon the presence of a foreign entity as a named defendant, the case should now be remanded to state court because the foreign entity is no longer a party to the litigation and this Court's jurisdiction has ended.