Juan Larena GARCIA,
Plaintiff–Appellant,

v.

PUBLIC HEALTH TRUST OF DADE COUNTY, d/b/a Jackson Memorial Hospital, et al., Josefa Vasquez, the University of Miami, a Florida corporation, d/b/a the University of Miami School of Medicine, Don Rafael Penalver, M.D., and Iberia Airlines of Spain, S.A., Defendants–Appellees.

No. 87–5176.

United States Court of Appeals,
Eleventh Circuit.

April 4, 1988.

Marilyn Sher, Chonin & Sher, P.A., Coral Gables, Fla., Joseph C. Segor, Miami, Fla., for plaintiff-appellant.

Christopher Lynch, Adams, Hunter, Angones, Adams, Adams & McClure, Miami, Fla., for Donald Rafael Penalver, M.D.

Michael J. Holland, Condon & Forsyth, New York City, Michael K. McLemore, Kimbrell & Hamann, P.A., Miami, Fla., for Iberia Airlines of Spain.

Before HATCHETT and EDMONDSON, Circuit Judges, and MARKEY*, Chief Circuit Judge.

HATCHETT, Circuit Judge:

Applying Florida's choice of law principles, we affirm the district court's ruling that an action for medical malpractice brought by an employee of a foreign agency injured in Florida is barred by Florida's Worker's Compensation law.

## FACTS

Iberia Airlines of Spain employed Juan L. Garcia, the appellant, as a flight attendant. Iberia Airlines is an agency of the Spanish government and is incorporated under the laws of Spain. On August 3, 1984, during a flight layover in Miami, Florida, Garcia was "mugged" and beaten. Garcia sustained injury to his left wrist and received treatment at Jackson Memorial Hospital (Public Health Trust of Dade County). Dr. Penalver, also an employee of Iberia, treated Garcia's injury. When Garcia returned to his home in Spain, he experienced complications with the injury and his personal physician advised him that the treatment for the injury was improper. Garcia received 100–percent of his salary and medical expenses through the Spanish workmen's compensation system.

## PROCEDURAL HISTORY

In the Florida state courts at Miami, Garcia brought a medical malpractice action against Iberia Airlines and its employee, Dr. Penalver. He also brought a negligence action against Jackson Memorial Hospital (Public Health Trust of Dade County) and the University of Miami. Iberia Airlines removed the action to district court based upon the provisions of the Foreign Sovereign Immunity Act of 1976. Iberia Airlines is a foreign state within the meaning of the Act.[1] Iberia and Penalver moved for summary judgment on the ground that Garcia, an Iberia employee, is not entitled to bring a tort suit in Florida against his employer and co-employee.

Contending that Spanish law would permit a lawsuit in Florida notwithstanding the fact that he received compensation in Spain, Garcia also moved for partial summary judgment. The district court granted summary judgment in favor of Iberia and Penalver holding that Florida law bars tort recovery when one is entitled to full compensation for injuries under the Florida Worker's Compensation Act. Noting that Florida has the "most significant relationship" to the parties, the district court then remanded Garcia's suit against Public Health Trust and the University of Miami for further proceedings in state court, 657 F.Supp. 99.

## CONTENTIONS AND ISSUES

On appeal, Garcia asserts that the district court erred in ruling that Florida had the "most significant relationship" regarding the question of employer immunity under Florida's Worker's Compensation Act.

---

* Honorable Howard T. Markey, Chief U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. Act of October 21, 1976, Pub.L. No. 94–583, 90 Stat. 2891 (1976), codified at 28 U.S.C. §§ 1330, 1332(a)(2)–1332(a)(4), 1391(f), 1441(d), and 1602–1611; *see also Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371 (5th Cir.1980).

Garcia also contends that the district court erred in determining that the appellees are entitled to immunity under Florida's Worker's Compensation Act.

The issues are: (1) whether the district court applied the correct choice of law rule; and (2) whether the district court erred in holding that Florida's Worker's Compensation Act barred Garcia from recovery.

## I.

### A. Choice of Law

In *Acme Circus Operating Co., Inc. v. Kuperstock,* 711 F.2d 1538 (11th Cir.1983), this court applied choice of law principles and articulated a step-by-step analysis. This court noted:

> The first step in choice of law analysis is to ascertain the nature of the problem involved, i.e., is the specific issue at hand a problem of law of contracts, torts, property, etc. The second step is to determine what choice of law rule the state ... applies to that type of legal issue. The third step is to apply the proper choice of law rule to the instant facts and thereby conclude which [jurisdiction's] substantive law applies.

*Kuperstock,* 711 F.2d at 1540.

The parties agree that Florida's choice of law rules apply because Florida is the site where the creation of liability originated. *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Coral Gables Imported Motorcars v. Fiat Motors,* 673 F.2d 1234, 1238 (11th Cir.1982). Nevertheless, the parties disagree on how the Florida choice of law rules should resolve the dispute.

In step one, the question is whether the action arises in contract or tort. Garcia contends that this is a contract action. The district court held for the appellees ruling that Garcia's claim is grounded in tort. We agree. Although the parties entered into the contract for employment in Spain, this action is filed in tort. Garcia sought compensation for medical malpractice allegedly committed in Florida. Additionally, Garcia alleged in his amended complaint that Iberia and Penalver were negligent in failing

to render proper medical attention. The district court correctly noted that "[i]t is in Florida where the cause of the injury and the alleged negligent treatment occurred." Given the facts and pleadings, it is clear that Garcia filed a tort action.

Second, we must determine what choice of law principle Florida courts apply to issues of tort liability. In *Bishop v. Florida Specialty Paint Co.,* 389 So.2d 999 (Fla.1980), the Florida Supreme Court abandoned the traditional *lex loci delicti* rule (law where injury occurred prevails) in favor of the modern "most significant relationship" test as set forth in the Restatement (Second) of Conflict of Laws §§ 145–146 (1971).

Section 145 of the Restatement sets forth the general principles in determining the applicable law under the "most significant relationship" analysis. Section 145 states:

### § 145   The General Principle

1. The rights and liability of the parties with respect to an issue in *tort* are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6. [Emphasis added.]

2. Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

> (a) the place where the injury occurred,
>
> (b) the place where the conduct causing the injury occurred,
>
> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
>
> (d) the place where the relationship, if any, between the parties is centered.

These contacts ought to be evaluated according to their relative importance with respect to the particular issue.

Section 146 of the Restatement (Second) of Conflict of Laws provides:

### § 146 Personal Injuries

In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.[2]

The *Bishop* court reasoned that "[o]ther factors may combine to outweigh the place of injury as a controlling consideration, making the determination of applicable law a less mechanical, and more rational, process." *Bishop*, 389 So.2d at 1001. Several jurisdictions have abandoned the *lex loci* doctrine for the more flexible modern approach to conflict of laws analysis.[3] Florida indisputably was the site of the injury in this case; therefore, the "most significant relationship" test should be applied. *Bishop*, 389 So.2d at 1001; *see also, Hertz Corp. v. Piccolo*, 453 So.2d 12 (Fla.1984) (where Florida Supreme Court reaffirmed the rationale set forth in *Bishop*).

### B. Application of State Law

■ The final step in the *Kuperstock* analysis is to apply the "most significant relationship" test to the facts in this case and decide which jurisdiction's substantive law applies. The district court correctly ruled that Florida has the "most significant relationship" to the occurrence and the parties. Garcia argues that Spain has the most significant relationship between the parties. He argues that: (1) Spain has an ownership interest in Iberia Airlines; (2) Spain is the residence of Iberia Airlines; (3) the employment relationship is centered in Spain; and (4) Spain is where the flight originated. Although Garcia articulates several contacts with Spain, the alleged medical malpractice occurred in Florida. Garcia was mugged and injured during a flight layover in Miami, Florida. Dr. Penalver, an Iberia employee, treated Garcia for his injuries in Florida, thereby creating a doctor-patient relationship in Florida. Dr. Penalver is domiciled in Florida, and the alleged medical malpractice is centered in Florida. *See generally* Restatement (Second) of Conflict of Laws §§ 145–146 (1971).

■ Moreover, Florida has a significant interest in maintaining compliance with its worker's compensation laws. Florida intended its worker's compensation system to strike a balance between compensating injured workers and limiting the liability of employers for accidents. Section 440.09 of the Florida Statutes provides in pertinent part that:

> Where an accident happens while the employee is employed elsewhere than in this state, which would entitle him or his dependents to compensation if it had happened in this state, the employee or his dependents shall be entitled to compensation.... However, if an employee shall receive compensation or damages under the laws of any other state, nothing herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided herein.

Fla.Stat.Ann. § 440.09 (West 1981). Florida workmen's compensation law provides that liability of the employer shall be exclusive and in place of all other liability to any third-party tortfeasor and to the employee. *See* Fla.Stat.Ann. § 440.10–.11 (West 1981); *Seaboard Coastline Railroad Co. v. Smith*, 359 So.2d 427, 428 (Fla.1978). Although Spanish law allows recovery in tort actions, Florida law does not permit an employee receiving worker's compensation benefits to institute an action in tort against his employer or his co-employee.

---

**2.** Section 6 of the Restatement (Second) emphasizes several factors to consider in choice of law determinations. Some of these factors are: (a) needs of interstate and international systems; (b) policies of the forum; (c) policies of other interested states; (d) protection of justified expectations; and (e) certainty and predictability of result.

**3.** Several state courts have rejected the place of injury rule and adopted one of several "multiple factors" theories. *Gutierrez v. Collins*, 583 S.W. 2d 312 (Tex.1979); *First National Bank v. Rostek*, 182 Colo. 437, 514 P.2d 314 (1973); *Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593 (1970); and *Armstrong v. Armstrong*, 441 P.2d 699 (Alaska 1968).

Fla.Stat.Ann. § 440.11 (West 1981). Florida has articulated a strong public policy with respect to employer immunity for work related injuries. Because Spanish law allows suit against employers, Spanish law would contravene strong public policy of the forum state. *See* Restatement (Second) of Conflict of Laws § 6 (West 1971). This rationale was clearly set forth in *Urda v. Pan Am World Airways*, 211 F.2d 713 (5th Cir.1954). In *Urda*, the appellant's husband, an employee with Pan American, died in an aircraft disaster in Brazil. Brazilian law permitted suit against employers, however, Pan American was subject to the workmen's compensation law of Florida. The court held that "[w]ith the policy of the State of Florida expressed so positively in its statutes, it seems clear to us that any cause of action created by the law of Brazil cannot be enforced in Florida contrary to the public policy of the forum." *Urda*, 211 F.2d at 715; *see Pacific Employer's Insurance Co. v. Industrial Accident Commission of California*, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940 (1939) (where state was not required to enforce the worker's compensation law of a foreign state).

In this case, Garcia received 100–percent compensation for his injuries under the Spanish worker's compensation system. As the district court noted, "[Garcia] is barred from seeking a tort recovery when he has already availed himself of the benefits obtainable under Spanish worker's compensation law. The fact that Spanish law would permit such a double recovery is of no significance...." *See* Fla.Stat.Ann. §§ 440.09 and 440.11 (West 1981); *Urda*, 211 F.2d at 715. The application of Spanish law would directly circumvent the established policy in Florida regarding employer immunity.[4] Given the facts and pol-

icy reasons presented in this case, the district court was correct in its application of Florida's choice of law rules.

## II.

■ Garcia also argues for the first time on appeal that Iberia and Penalver are not entitled to immunity under Florida Statute § 440.11. Essentially, Garcia contends that an employer is immune from suit under Florida's worker's compensation law only if the employer secures payment of compensation as required by the statute. *See* Fla.Stat.Ann. § 440.11 (West 1981). We need not decide this question on appeal. Garcia did not raise the issue in the district court. "Failure to raise an issue, objection or theory of relief to the trial court is generally fatal." *Denis v. Liberty Mutual Insurance Co.*, 791 F.2d 846, 849 (11th Cir.1986). "[F]actual assertions that defeat a summary judgment cannot be presented for the first time to appellate court, and only those matters properly before district court for summary judgment consideration are subject to appellate review." *Denis*, 791 F.2d at 849 (citing *De-Bardeleben v. Cummings*, 453 F.2d 320 (5th Cir.1972) and *Garner v. Pearson*, 732 F.2d 850 (11th Cir.1984)). Nevertheless, appellate courts "will consider an issue not raised in district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." *Roofing and Sheet Metal Services, Inc. v. LaQuinta Motor Inns, Inc.*, 689 F.2d 982, 990 (11th Cir.1982). In this case, the question of whether Iberia secured payment of compensation under the Worker's Compensation Act is purely a factual question. Thus, Garcia's appeal on this issue is barred.

---

4. Although Florida has accepted several provisions of the Restatement (Second) of Conflicts, it is unclear whether Florida has adopted section 184. Section 184 provides in pertinent part:

> Recovery for tort or wrongful death will not be permitted in any state if the defendant is declared immune from such liability by the workmen's compensation statute ... and under which
> (a) the plaintiff has obtained an award for the injury, or

> (b) the plaintiff could obtain an award for the injury, if this is the state (1) where the injury occurred ...

If Florida follows this section, clearly Garcia would be precluded from recovery under Spanish law. Nevertheless, we are satisfied that statutory authority and the rationale set forth in *Urda* indicate Florida's interest in maintaining employer immunity under its worker's compensation system.

Likewise, we need not decide whether the Spanish statute of limitations bars Garcia's cause of action. In *Bates v. Cook*, 509 So.2d 1112 (Fla.1987), the Florida Supreme Court held that the significant relationship test should be employed to decide conflict questions concerning statute of limitations as well as issues of substantive law. *Bates*, 509 So.2d at 1114–15. Because we find that Florida has the "most significant relationship" between the parties, the question of whether Spain's statute of limitations applies is irrelevant.

Accordingly, the grant of summary judgment in favor of Iberia Airlines and Penalver is affirmed.

AFFIRMED.