**Ronald H. DOMBROWSKI, Plaintiff,**

v.

**CONTINENTAL CAN COMPANY, INC., Defendant.**

**No. 88 C 4091.**

United States District Court, N.D. Illinois, E.D.

March 31, 1989.

---

Francis K. Tennant, Chicago, Ill., for plaintiff.

John P. Morrison, Bell, Boyd & Lloyd, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

This action came to this District Court via removal from the Circuit Court of Cook County by Continental Can Company, Inc. ("Continental"), asserting diversity of citizenship under 28 U.S.C. § 1332.[1] Continental had been sued by Ronald Dombrowski ("Dombrowski") in a three-count Complaint that alleged his retaliatory discharge and earlier retaliatory adverse treatment, in violation of two asserted Illinois public policies:

1. Counts I and II charged retaliation for Dombrowski's having filed a worker's compensation claim against Continental.

2. Count III charged discrimination against Dombrowski as a handicapped person (the handicap having been caused by the same accident that gave rise to the worker's compensation claim).

■ This Court's threshold review of the Complaint[2] disclosed that Counts I and II alone would have been nonremovable under Section 1445(c):

A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

This Court's opinion in *Alexander v. West-inghouse Hittman Nuclear Inc.*, 612 F.Supp. 1118 (N.D.Ill.1985) explains in detail why Section 1445(c) applies to such Illinois retaliatory-discharge cases (see Ill. Rev.Stat. ch. 48, ¶ 138.4(h)), and this Court has consistently applied the same analysis since deciding *Alexander*. But because Count III suffered no such disability,[3] the parties' diverse citizenship supported the removal of the case. And because all three counts clearly revolved around "a common nucleus of operative fact" (*United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)), no partial remand of the first two counts under Section 1441(c) appeared appropriate.

Both parties promptly proceeded with discovery and, in accordance with this Court's scheduling order calling for compliance with this District Court's General Rule 5.00, tendered a draft final pretrial order ("FPTO") on March 27, 1989. This Court's review of the FPTO reflected that Dombrowski was now dismissing Count III.[4] Because that left Dombrowski's nonremovable Counts I and II without any anchor to which they could attach as pendent claims, Section 1445(c) and the *Alex-*

---

1. All further references to Title 28's provisions will simply take the form "Section—."

2. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986):

   The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

3. For purposes of an initial scrutiny of subject matter jurisdiction, of course, this Court would not then analyze the viability of Count III in Fed.R.Civ.P. 12(b)(6) terms.

4. During the March 30 pretrial conference held with both sides' lawyers to discuss the FPTO, Dombrowski's counsel confirmed that the dismissal decision was ascribable to counsel's conclusion that the claim was not sustainable under Illinois law.

*ander* analysis are free to operate on the entire case with full force now (as they did not at the time of initial removal).

At least until recently, conventional wisdom has taught that "the jurisdiction of the federal courts over a properly removed action will not be defeated by later developments in the suit" (14 A. Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3739, at 582 & nn. 25–26 and cases cited (2d ed. 1985 and 1988 pocket part)). But the cases so holding (and not all cases have gone that way) must be read in the context of the then-existing version of Section 1447(c), which appeared to tie all remand decisions to the initial posture of the case at the time of removal:

> If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.

Effective November 19, 1988, however, Section 1447(c) has been rewritten to read this way:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Because Dombrowski's only surviving claims could not have been removed independently to this District Court, given the absolute prohibition in Section 1445(c), it would seem anomalous to perceive them as claims over which this Court would have subject matter jurisdiction. And even if that question were viewed as possibly permitting a different answer, *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) has now resolved an inter-Circuit split by holding that "a district court has discretion to remand a removed case to state court when all federal-law claims have dropped out of the action and only pendent state-law claims remain" (*id.* 108 S.Ct. at 618, footnote omitted [5]).

■ At least two factors counsel a remand in this case even if that is not seen to

be clearly mandated by the newly-amended version of Section 1447(c). For one thing, where Congress has stated its unequivocal intention to keep worker's-compensation-based claims filed in the state courts from being shifted into the federal court system (and that is the plain message of Section 1445(c)), this Court views it as undesirable to permit such a shift to be brought about indirectly—as it would in this case. And second, the prudential consideration identified in *Alexander*, 612 F.Supp. at 1122 cannot be ignored:

> [T]his Court is mindful of the possibility that a court's mistaken decision in favor of retention of a remandable case could result in a judgment subject to later attack for want of subject matter jurisdiction. See, e.g., *Ross v. Inter–Ocean Insurance Co.*, 693 F.2d 659, 663 (7th Cir. 1982). Conversely remand can pose no such risk of judicial (and litigants') diseconomy. As Judge Schwarzer put it in *Rosack v. Volvo of America Corp.*, 421 F.Supp. 933, 937 (N.D.Cal.1976):
>
> > Even if there were reason to doubt the correctness of this disposition, any doubt should be resolved in favor of remand to spare the parties proceedings which might later be nullified should jurisdiction be found to be lacking.

That approach is wholly consistent with the concept that "the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of [removal] legislation." *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

Accordingly this action is remanded to the Circuit Court of Cook County. There is no reason to delay the remand, and the Clerk of this District Court is ordered to mail the certified copy of this remand order forthwith (see this District Court's General Rule 30(b)). Although this Court cannot of course control the future of the case in the Circuit Court, it urges that:

---

5. As the omitted footnote indicates, our Court of Appeals was one of those that had previously disapproved such remands.

**436**

1. All discovery and all proceedings, including but not limited to the FPTO this Court has entered March 30, should remain a part of the proceeding in the Circuit Court to avoid duplication of effort.

2. In light of the parties' expeditious handling of the case to enable its readiness for trial, consideration should be given to giving the parties priority in that respect in the Circuit Court (had the case remained here, it would almost certainly have gone to trial within six months from now).

No costs or other expenses are to be assessed against either party because of the removal and remand.