Matthew L. HUBBARD, et ux., Plaintiffs,

v.

MONSANTO COMPANY, INC., et al., Defendants and Third–Party Plaintiffs,

v.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, et al., Third Party Defendants.

Civ. A. No. 86–2171.

United States District Court, District of Columbia.

April 23, 1990.

Edwin A. Sheridan, Washington, D.C., for plaintiffs.

Donald H. Green, Washington, D.C., for defendants and third-party plaintiffs.

## MEMORANDUM

JOHN GARRETT PENN, District Judge.

This action came to this District Court via removal from the Superior Court of the District of Columbia. Plaintiff Matthew L. Hubbard, a maintenance man for the Washington Metropolitan Area Transit Authority (WMATA), alleges that in the course of his employment he was injured by the use of a cleaner, "Winta–Dis". In 1984, plaintiff filed this action in the Superior Court of the District of Columbia against Monsanto Company, Inc., Harley Chemicals, Inc., Concord Chemical Company, Inc., American Supply Company, Hammermill Paper company, Inc., Bullen Chemical Company, Inc., and Daycon Products Company, Inc. The complaint asserts various product liability claims encompassing the theories of negligence, strict liability and breach of implied warranties. In addition to the allegations of defective and/or unreasonably dangerous product are claims for failure to give adequate warnings and punitive damages.

In 1986, WMATA was served with a third-party complaint by defendants Concord Chemical Co., Monsanto Chemical Co. and Daycon Products Company, Inc. On August 6, 1986, WMATA filed a petition of removal of this action to this Court pursuant to D.C.Code § 1–2439 (1981), which provides:

The United States District Courts shall have original jurisdiction, concurrent with the Courts of Maryland and Virginia, of all actions brought by or against

the Authority and to enforce subpoenas issued under this Title. Any such action initiated in a State Court shall be removable to the appropriate United States District Court in the manner provided by § 1446 of Title 28, United States Code. WMATA subsequently filed a motion for summary judgment. This Court concluded that the motion should be granted and dismissed WMATA as a party from this action. *See* Order filed June 9, 1989. This decision was appealed.

On February 5, 1990, this Circuit dismissed the appeal for lack of appellate jurisdiction stating that this Court's June 9, 1990 Order was not a final order subject to immediate review. The Court of Appeals noted, however, "that if this case is remanded to state court, then the June 9, 1989 order will be immediately reviewable as a final judgment under 28 U.S.C. § 1291." *Hubbard v. Monsanto Company*, 904 F.2d 47 (D.C.Cir. 1990) (per curiam).

With the dismissal of WMATA from this action, the basis for removal ceases to exist. Only state law claims remain to be resolved. Under these circumstances, the Court believes the appropriate course of action to take is to remand this case to the Superior Court of the District of Columbia for further disposition of the remaining nonfederal claims. *See Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 622, 98 L.Ed.2d 720 (1988) (a district court has discretion to remand a removed case to state court when all federal-law claims have dropped out of the action and only pendent state-law claims remain); *Bushman v. Seiler*, 755 F.2d 653, 654 (8th Cir.1985) ("When removal jurisdiction is premised on a federal defendant who is subsequently dismissed, the decision to remand the remaining claims to state court is committed to the district court's discretion.").

Several concerns mandate this decision. This Court is reluctant to disturb the plaintiff's choice of forum by exercising jurisdiction over the remaining state law claims where, as here, there is no continuing basis for federal jurisdiction. Moreover, given the current posture of this case, the federal interest in retaining this suit in a federal forum is minimal as compared to the substantial interest of the District in allowing a local court to consider and resolve the remaining questions of state law. "In ordering this matter to be sent back to the state court, the Court concurs in the views of those federal courts which, in similar settings, have emphasized concerns of [judicial economy and principles of] comity ..., and have 'encourage[d] remanding to the state court cases in which state court adjudication can properly claim primacy of interest.'" *Washington Petroleum & Supply Co. v. Girard Bank*, 629 F.Supp. 1224, 1231 (M.D.Pa.1983) (citation omitted); *see also Financial General Bankshares, Inc. v. Metzger*, 680 F.2d 768, 772 (D.C.Cir. 1982) (holding that District Court abused its discretion in retaining jurisdiction over novel and unsettled local claims after dismissal of federal claims); *Dombrowski v. Continental Can Co.*, 711 F.Supp. 433, 435 (N.D.Ill.1989) (case remanded by court, which was mindful of the possibility that a mistaken decision in favor of retention of a remandable case could result in a judgment subject to later attack for lack of subject matter jurisdiction while remand, on the other hand, posed no such risk of judicial diseconomy); *Garcia v. Public Health Trust of Dade County*, 657 F.Supp. 99, 101 (S.D.Fla.1987) (court remanded case to state court on grounds that court's jurisdiction—which rested upon the presence of a foreign entity as a named defendant—had been eliminated by the departure of the foreign entity from the case, and noted that Florida state court is the best forum to address issues of Florida tort law), *aff'd*, 841 F.2d 1062 (11th Cir.1988).

An appropriate Order accompanies this Memorandum.

## ORDER

After careful consideration of the current status of this action and for reasons set forth in an accompanying Memorandum, it is hereby

ORDERED that this case is remanded to the Superior Court of the District of Co-

lumbia for further proceedings and the Clerk of the Court is directed to forward the case file and all other appropriate documents to that Court.