Bennie **GONZALES** and Bill Gonzales, husband and wife, Plaintiffs,

v.

**CITY OF MESA, et al., Defendants.**

**No. CIV 91–0035 PHX RCB.**

United States District Court,
D. Arizona.

April 17, 1991.

R. Kelly Hocker, Tempe, Ariz., for plaintiffs.

---

David A. Selden, John Alan Doran, Streich Lang, P.A., Phoenix, Ariz., for defendants.

## ORDER

BROOMFIELD, District Judge.

This is one of three actions brought against the same defendants by Mesa Police Department employees based on the same factual circumstances and making the same claims.[1] As in the other actions, plaintiff Bennie Gonzalez claims she was wrongfully discharged in retaliation for filing a worker's compensation claim for injuries allegedly caused by "sensitivities" to paint fumes during construction in the workplace. Plaintiff initially alleged violations of 42 U.S.C. § 2000d, 42 U.S.C. § 1981 & 1983 and the 14th Amendment Due Process Clause. After defendants removed the case, however, plaintiff dismissed the § 2000d claim. Plaintiff now seeks an order remanding the remaining claims to state court on the ground that this court lacks subject matter jurisdiction. Defendants responded to the motion, and the court heard oral argument. Having considered the parties' arguments, the court will deny plaintiff's motion.

## I. ELEVENTH AMENDMENT

Plaintiff claims that a case is only removable if the federal court would have had original jurisdiction, and that the Eleventh Amendment would bar the court from hearing the remaining claims because they are asserted against a "subdivision" of the state. That reasoning was rejected by the Supreme Court in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which was recently reaffirmed in *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989).

Plaintiff attempts to evade the clear holding of *Monell* by focusing the court's attention on language in *Monell* and *Will* which limits the application of those holdings to "local government units which are not considered part of the state for Eleventh Amendment purposes." *Id.* (quoting *Monell*, 98 S.Ct. at 2035, n. 54). Instead of interpreting that passage as stating that local government units are not considered part of the state, plaintiff asserts that the Court intended the holding in *Monell* not to apply *if* the local unit is not considered part of the state. Plaintiff argues that the question whether a local unit is considered part of the state must be determined by applying state law.

■ Plaintiff attempts to support that proposition by relying on *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977). *Mt. Healthy* addressed the issue of whether a local school board was to be treated as an arm of the state for Eleventh Amendment purposes "or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend." *Id.* at 280, 97 S.Ct. at 572. The Court concluded that the board "is more like a county or city than it is like an arm of the State" and therefore the Eleventh Amendment did not apply. *Id.*, 97 S.Ct. at 573. Thus, plaintiff's reliance on *Mt. Healthy* is misplaced, and its arguments under Arizona decisions that held cities to be "subdivisions" of the state are irrelevant. The court finds no support for plaintiff's position that the Eleventh Amendment bars actions against Arizona municipal corporations.

## II. RETENTION AFTER DISMISSAL OF FEDERAL CLAIMS

■ Plaintiff also contends that dismissal of her claim under 28 U.S.C. § 2000d eliminated the only basis for the court to assert jurisdiction under 28 U.S.C. § 1331. Defendants argue that even if the § 2000d

---

1. Plaintiff's counsel acknowledged during oral argument held March 25, 1991, that there is no difference between the claims made by the plaintiff in this case from the claims made by the plaintiffs in the other two actions. Both parties indicated that they would not object to transfer of this case to the judge holding the related case with the lowest number, pursuant to Local Rule 3(e). Thus, the court will transfer this matter to Judge Roger G. Strand, who has been assigned related case No. 91–0034 PHX RGS, *Darryleen Kelley v. The City of Mesa, et al.*

claim were the only one over which the court had original jurisdiction, removability must be determined as of the time of removal, and the court may retain state claims if the federal claims are dismissed after removal. Plaintiff counters that the court no longer may retain jurisdiction over state claims after dismissal of federal claims, because 28 U.S.C. § 1447(c), as amended in 1988, requires the court to dismiss a case if at any time it determines that it does not have subject matter jurisdiction.

One district court has interpreted section 1447(c) to require remand where the only claims remaining were claims over which the court would not have had original jurisdiction. *Dombrowski v. Continental Can Co., Inc.,* 711 F.Supp. 433, 435 (N.D.Ill. 1989). The court does not agree with that conclusion and declines to follow the *Dombrowski* decision. The court in *Dombrowski* was itself uncertain that its interpretation of § 1447(c) was necessarily required and chose to rely instead on its discretionary power to remand recognized in such authorities as *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). *Dombrowski,* 711 F.Supp. at 435.

The court obtained subject matter jurisdiction over the state claims in this action when they were removed with the federal claims. 28 U.S.C. § 1441(c). The court does not interpret 28 U.S.C. § 1447(c) as indicating that subject matter jurisdiction obtained under section 1441(c) is lost upon dismissal of the federal claims. The court would have discretion to retain the state claims even if all federal question claims were dismissed. *Cohill,* 484 U.S. at 348–52 & 350 n. 7, 108 S.Ct. at 618–19 & 619 n. 7. In addition, plaintiff's claim under 42

U.S.C. 2000d was not plaintiff's only federal claim. Plaintiff also has sought to recover under 42 U.S.C. §§ 1981, 1983 and 1985. The court cannot determine at this stage of the litigation whether plaintiff's claims under those statutes will form a substantial basis for recovery.

## III. NON–REMOVABILITY OF WORKER'S COMPENSATION CLAIMS

■ Plaintiff also asserts that the claim for retaliatory discharge arises under the state worker's compensation laws and that removal thus is precluded under 28 U.S.C. § 1445(c). Plaintiff argues that the retaliation claim is not separable from the other claims, and thus all claims must be remanded.[2] Defendants argue that a retaliatory discharge claim is an independent tort with a judicially-created remedy that forms a separate cause of action from claims brought under the worker's compensation statutes.

Section 1445(c) prohibits removal to federal court of any state claim that arises under state worker's compensation law. 28 U.S.C. § 1445(c). Thus, plaintiff's retaliatory discharge claim would be nonremovable if it arises under Arizona's worker's compensation laws. The court is not convinced that plaintiff's claim of retaliatory discharge arises under the worker's compensation laws of Arizona. Authorities are split on the issue of whether a claim for retaliatory discharge arises under state worker's compensation law and the Arizona courts have not yet addressed the question. As defendants note, however, in all of the decisions in which such claims were held to arise under worker's compensation laws, the substantive right to be free from retaliatory discharge was statutorily-created, even if the remedy was provided by the

---

**2.** Defendants deny that the action must be remanded even if the retaliatory discharge claim were held to arise under state worker's compensation law and to be nonremovable under 28 U.S.C. § 1445(c). Defendants contend that the court still may exercise its pendant (now supplemental) jurisdiction because it has original jurisdiction over the federal claims. Defendants cite in support of that argument *Nabors v. City of Arlington,* 688 F.Supp. 1165 (E.D.Tex.1988). The court in *Nabors* reasoned that the "separate

and independent" requirement for the removal of otherwise nonremovable claims would prevent a court from ever exercising pendant jurisdiction, which requires the state claim to be part of a "common nucleus of operative fact." *Id.* at 1168. The court agrees with the reasoning of *Nabors,* but does not find it necessary to reach the issue, having determined that the retaliatory discharge does not arise under Arizona's worker's compensation laws.

courts rather than by a statutory provision creating a private right of action. *See e.g., Alexander v. Westinghouse Hittman Nuclear, Inc.,* 612 F.Supp. 1118, 1121 (D.C.Ill. 1985); *Kilpatrick v. Martin K. Eby Construction Co., Inc.,* 708 F.Supp. 1241, 1243 (N.D.Ala.1989). *See Wallace v. Ryan–Walsh Stevedoring Co., Inc.,* 708 F.Supp. 144, 147 (E.D.Tex.1989) (in the few retaliatory discharge cases denying remand under section 1445(c), the cause of action was not part of the statutory scheme). Where the state's worker's compensation statute does not even prohibit, much less provide a private remedy for retaliatory discharge, the cause of action will be seen as an independent tort. *Smith v. Union Carbide,* 664 F.Supp. 290, 292 (E.D.Tenn.1987); *Waycaster v. AT & T Technologies, Inc.,* 636 F.Supp. 1052 (N.D.Ill.1986).

Arizona has no provision in its worker's compensation statute that prohibits employers from terminating or otherwise retaliating against an employee for attempting to recover benefits under the worker's compensation laws. Thus, both the substantive right to be free from retaliatory discharge and the remedy must be viewed as an action under Arizona's judicially-created tort law and not as arising under the state's worker's compensation statutes. Removal of this action is therefore not barred by 28 U.S.C. 1445(c).

IT IS ORDERED denying plaintiff's motion for remand (Doc. No. 5).

IT IS FURTHER ORDERED transferring this matter to Judge Roger Strand pursuant to Local Rule 3(e).