991 F.2d 797
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lenard C. WARE, Plaintiff-Appellant,
v.
The RCA RUBBER COMPANY, Defendant-Appellee.
 No. 92-3633.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1993.
 
 Before JONES and NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Filed originally in a state court, this case was removed to federal court after an agency of the United States was joined as a new party defendant. The plaintiffs promptly dismissed their claim against the agency, thereby eliminating the sole basis on which federal jurisdiction had been invoked. Nothing of significance transpired in the case for several years, and the federal court finally dismissed it with prejudice for want of prosecution. The question presented on appeal is whether the district court abused its discretion in denying a subsequent motion for relief from judgment. Answering this question in the affirmative, we shall reverse the denial of the motion for relief from judgment and direct the district court to remand the case to the state court.
 
 
 2
 * In 1987 plaintiffs Lenard C. Ware and Kadie L. Ware, his wife, brought a personal injury action against defendant RCA Rubber Company in the Court of Common Pleas of Summit County, Ohio. The complaint was amended in 1988 to assert claims against the United States Occupational Safety and Health Administration ("OSHA") and two additional defendants.
 
 
 3
 The United States removed the case to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1442. The removal prompted the common pleas court to order that the matter be placed on an inactive docket subject to possible reinstatement at a later time. The United States moved for dismissal in the federal court, and in October of 1988 the plaintiffs filed notice of their dismissal of OSHA as a party defendant. Early in 1989 the plaintiffs moved to dismiss the remaining defendants except RCA Rubber Company, and the motion was granted.
 
 
 4
 The district court was given to understand in January of 1989 that a motion would be filed for a remand to the common pleas court, but no such motion was forthcoming. The case sat idle for some two and a half years after the voluntary dismissals. The district court was apparently waiting for the plaintiffs to file a remand motion, and the plaintiffs' counsel apparently believed that such a motion had been filed.
 
 
 5
 In October of 1991, no motion for remand having been filed, the district court entered an order stating that unless such a motion were filed within 20 days, or unless some substantive action were taken within that time to advance the case, the matter would be dismissed with prejudice for failure to prosecute. Counsel for the plaintiffs did nothing within the prescribed time. On December 6, 1991, which was almost two months after issuance of the twenty-day order, the district court dismissed the action with prejudice.
 
 
 6
 The lawyer for the plaintiffs claims that he did not learn of the 1991 developments until March of 1992. On May 13, 1992, about two months after learning of the dismissal, he moved on behalf of the plaintiffs for relief from judgment pursuant to Rule 60(b), Fed.R.Civ.P. The motion was accompanied by an affidavit in which the plaintiffs' lawyer said that he had told a former associate to move for a remand; that the associate had departed in March of 1989 without having done so; that neither the plaintiffs' lawyer nor anyone in his office had received notice of either of the orders entered by the district court in 1991; and that the lawyer had mistakenly believed that the matter was pending only in the common pleas court. (At oral argument in our court the lawyer acknowledged that for a the period of almost three years after the voluntary dismissals no one from his office had reviewed the case file or checked the district court docket to ascertain the status of the action.)
 
 
 7
 The motion for relief from judgment was denied in a marginal entry dated June 10, 1992, and plaintiff Lenard Ware perfected a timely appeal. Thereafter, we are advised, the Summit County Common Pleas Court entered an order restoring the case to its active docket. Citing 28 U.S.C. § 1447(c)--which, as amended in November of 1988, provides in pertinent part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"--the common pleas court held that the district court had lost jurisdiction and that its order dismissing the action with prejudice was void.
 
 II
 
 8
 Prior to November of 1988 the pertinent language in 28 U.S.C. § 1447(c) read as follows:
 
 
 9
 "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs."
 
 
 10
 Under this language federal courts had discretion to remand properly removed cases following the elimination of all but pendent state law claims. See Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988). Remand was not generally considered mandatory, however. The 1988 change may or may not have made remands mandatory in this situation, but under the circumstances presented in the case at bar it would have been "anomalous," at least, to suppose that in the absence of diversity of citizenship the federal district court could have gone on to adjudicate the merits of the plaintiffs' personal injury claim against a private party years after the claim against OSHA had been dismissed. See Dombrowski v. Continental Can Co., 711 F.Supp. 433 (N.D.Ill.1989).
 
 
 11
 Even if pendent jurisdiction could arguably have survived the dismissal of the claim against OSHA, it would clearly have been an abuse of discretion for the federal district court to exercise such jurisdiction, over objection, when (1) the state court was prepared to resume jurisdiction, (2) nothing to speak of had ever been done in the federal case, (3) the federal court had long since been told that the parties anticipated a remand, and (4) the claim that had given the federal court jurisdiction in the first place had long since been dismissed.
 
 
 12
 The standard we apply in reviewing the denial of a Rule 60(b) motion is abuse of discretion. Amernational Industries, Inc. v. Action-Tungsram, Inc., 925 F.2d 970, 975 (6th Cir.), cert. denied, 111 S.Ct. 2857 (1991). An abuse of discretion exists when the reviewing court has a definite and firm conviction that the district court committed a clear error of judgment. Davis v. Jellico Community Hosp., 912 F.2d 129, 133 (6th Cir.1990). We have such a conviction here. The motion for relief from the judgment of dismissal with prejudice ought to have been granted, in our view, and considerations of federal-state comity, if nothing else, counsel that we treat the failure to grant the motion as an abuse of discretion.
 
 
 13
 Mr. Ware also argues that the marginal entry denying the plaintiffs' motion for relief from judgment fails to comport with the Federal Rules of Civil Procedure. We agree. Rule 58, Fed.R.Civ.P., requires that "[e]very judgment ... be set forth on a separate document," and Rule 54(a), Fed.R.Civ.P., defines a judgment in terms that include "a decree and any order from which an appeal lies." The denial of a motion for relief from judgment comes within this definition. See Amernational Industries, Inc. v. Action-Tungsram, Inc., 925 F.2d at 975.
 
 
 14
 The order denying the motion is VACATED, and the case is REMANDED to the district court with instructions to remand it to the Court of Common Pleas.